SPENCER, J.
Without examining whether the charge of the mayor was ^correct or not, as respects the facts, it appears clearly to us that the plaintiff in error has mistaken his remedy. A bill of exceptions ought to be on some point of law, either in admitting or denying evidence, or a challenge, or some matter of law, arising upon a fact not denied, in which either party is overruled by the court. In the present case we can perceive no error in point of law in the charge given. The onus probandi of the loss of the coffee, as was stated to the jury, lay on the now plaintiff, and he was bound to show it lost by the perils of the sea, or to give some reasonable account; and although the facts might not warrant the conclusion that there was a deficiency of proof, yet the whole was referred to the jury. To have got rid of their *169 finding, instead of a writ of error, there should have been application for a new trial, on the ground of its being a verdict against evidence. It is not for ns to say that such motion ought or ought not to have prevailed, but in the present case we cannot see that there has been error in point of law, and are therefore for judgment of affirmance.
Judgment affirmed.

 See Coles v. Coles, 15 J. R. 159; St. John v. Standring, 2 J. R, 468 Wilson v. Reed, 3 J. R. 175; Mersereau v. Norton, 15 J. R. 179.