IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN OCTOBER TERM, 1830, IN THE FIFTY-FIFTH YEAR OF OUR INDEPENDENCE.

---

## McGREGOR, DARLING & CURTIS *vs.* O. F. & R. CLEVELAND.

Where a note or bill is payable to a *firm*, strict proof is required that the *firm* consists of the plaintiffs on the record; a letter stating who composes the firm from one of the plaintiffs to the attorney, and the information of one other individual to the same effect, is not sufficient.

A promissory note given by one of two partners in the business of *farming* and *coopering*, signed "Frederick Cleveland and Rufus Cleveland," is good, and binding upon both.

THIS was an action of assumpsit, tried at the Washington circuit in June, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The action was on a promissory note for $280, dated 23d October, 1827, payable to "McGregor, Darling & Co." and signed "Oliver Cleveland, Frederick Cleveland and Rufus Cleveland." The signature of Oliver Cleveland was proved, and that the names *Frederick Cleveland* and *Rufus Cleveland* were in the proper hand writing of *Rufus Cleveland*. In two other instances, *Rufus* Cleveland had given notes, signing the same "F. & R. Cleveland," which were ratified by *Frederick* Cleveland; Frederick Cleveland and Rufus Cleveland were in partnership as *farmers* and *coopers*. To prove that the

ALBANY,
October, 1830.

McGregor
v.
Cleveland.

plaintiffs were the *payees* named in the note, the attorney for the plaintiffs testified that some years since he knew McGregor and Darling to have been connected in business; that previous to the commencement of the suit, he received a letter from McGregor informing him that *Curtis* had been added to the firm, and that the firm was now composed of the present plaintiffs. He had no knowledge of who composed the firm of McGregor, Darling & Co. other than what he had derived from such letter and from the information of one merchant. The counsel for the defendants insisted that the evidence as to the execution of the note by *Frederick Cleveland,* and as to the plaintiffs being the *payees,* was not sufficient to entitle the plaintiffs to recover. The judge ruled otherwise, and under his direction the jury found for the plaintiffs. The defendants' counsel excepted, and now moved for a new trial.

*S. Stevens,* for the defendants.

*J. Williams,* for the plaintiffs.

*By the Court,* SAVAGE, Ch. J. The questions raised by the bill of exceptions are, 1. Whether there was sufficient proof of the execution of the note by Frederick Cleveland; and 2. Whether evidence was sufficient to prove that the plaintiffs composed the firm of McGregor, Darling & Co.

The doctrine how far one partner can charge his co-partner as surety, does not arise in this case. There is no evidence to shew that either of the makers of the note was *surety.* So far as respects F. & R. Cleveland, the note will be presumed, in the absence of all proof to the contrary, to have been given for a partnership transaction. There is no proof as to what was the style of their firm, except that in two instances the name of *F. & R. Cleveland* was used. In this instance, one partner wrote the names of both at length thus: "Frederick Cleveland and Rufus Cleveland," coupling the two names together. Being partners, each had power to charge the other; and, in my opinion, the signature was sufficient, and the evidence enough to justify a verdict on this point against all the defendants.

ALBANY,
October, 1830.

McGregor
v.
Cleveland.

The next question is whether there was sufficient evidence to shew that the plaintiffs composed the firm to whom the note was given. The note being payable to McGregor, Darling & Co., it becomes necessary for the plaintiffs to shew that they are the payees. When a note or bill is payable to a *firm*, strict proof is required that the firm consists of the plaintiffs on the record. *Chitty on Bills, 505. 3 Campb.* 240, *n.* The evidence of partnership usually consists in the oral testimony of clerks or other agents or persons who know that the alleged partners have actually carried on business in partnership; but it is unnecessary, even in criminal cases, to produce any deed or other agreement by which the co-partnership has been constituted. *3 Starkie's Ev.* 1067. More evidence is required to shew the partnership of plaintiffs than that of defendants, because the plaintiffs are cognizant of all the means by which the fact of the partnership is capable of being proved. *3 Starkie's Ev.* 1070. According to those authorities, it is sufficient to prove by a person who knows the fact, that the plaintiffs at the date of the note carried on business in partnership under the name or firm contained in the note as payees. The testimony in this case is rather slight. The witness knows the fact of partnership in no other way than by a letter purporting to be from the firm, and as he believed in the hand writing of one of them, and by information from a merchant. The witness does not know the fact of his own knowledge, as a clerk of the plaintiffs would have known it, or as a person would who had dealt with the plaintiffs, or who could testify to general reputation.

I am of opinion that the proof on this point was insufficient, and that on that ground a new trial should be granted, with costs to abide the event.