Totten, J.
delivered the opinion of the court.
This is an action of debt on an account alledged to be due the plaintiffs below, in their character of partners. The plea was nil debet, and verdict and judgment were for the plaintiffs. The defendant’s motion for a new trial being overruled, he has appealed in error to this court.
The error assigned and mainly relied upon, arises on the charge of the court to the jury.
The charge in substance was, that plaintiffs were not required to prove the fact of their partnership, unless it were put directly in issue by defendant’s plea, verified, and denying that fact. There was no proof of the part *494 nership or of the account, except what might be inferred from the fact, that when the account was presented to defendant, he remarked that he held a claim against Col. Patterson which he expected would offset said account. This was proof tending to establish an admission of its justice. But it seems to us, that as the plaintiffs sued as partners, that is, as joint owners of the claim? it was material to show that they had a joint interest in it. The plea of nil debet is the general issue in debt upon a parol contract, and the plaintiffs must prove all the material facts on which their claim is founded. 2 Greenleaf’s Ev. sec, 280, 281.
“It is a general rule, that where the action is by several plaintiffs, they must prove either an express contract by the defendant with them all, or the joint interest of all in the subject matter of the suit.” It must appear that all who sue were partners at the time of making the contract. 2 Green. Ev. s. 478; McGregor vs. Cleveland, 5 Wend. 475; Waters vs. PaynTer, cited in Chitty on Bills, 638 and 644; 3 Stark. Ev. 1067.
We are not aware of any rule of law or statute which makes it necessary to verify the plea of nil debet or non-assumpsit, in order to put the partnership in issue, in a case like this. It is true, that in actions on notes, bills and bonds, if the defendant intends to deny the execution of the paper, he shall verify his plea; and if he do not, he admits its execution, and it is evidence of every fact stated on the face of it.
Let the judgment be reversed and the cause remanded for further proceeding.