---
Lyon *v.* Marshall.
---

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell,* Justices.]

---

LYON and others, Executors, &c. *vs.* MARSHALL.

In an action of trespass on the case, where the defendant relies upon his discharge under the bankrupt law, and the plaintiffs attempt to avoid the discharge, on the ground of concealment, and omissions, in the petition and schedules, and irregularities in the proceedings on behalf of the bankrupt, there is no impropriety in the defendant's showing that the plaintiffs knew of all those matters, at the time that the bankrupt's proceedings were pending; and that they, in fact, raised the same objections in the course of those proceedings. Neither is there any impropriety in the defendant's showing that those objections were not considered available in opposition to the granting of the decree of bankruptcy.

Where, in such a case, the judge, in his charge to the jury, stated that the alledged omissions in the defendant's petition and schedules, in order to be sufficient to impeach the discharge, must be willful *and fraudulent,* instead of saying that they must be willful; but in a subsequent part of his charge, he laid down the rule that to avoid a discharge in bankruptcy, it must appear that the defendant has committed a fraud, or willfully concealed his property; and the exception to the charge was general, and not to any particular part: *Held,* that even if exceptions had been taken to each particular part of the charge, they could not be sustained; that the word *fraudulent,* was, evidently, not intended to mean any thing more than willful, and that taking the whole charge together, the jury must have so understood it.

It is no ground of error, that the judge in his charge to the jury, stated, as law, what had nothing to do with the case.

A person applying for the benefit of the bankrupt act, may, without committing a fraud, make a reasonable compensation to counsel for the purpose of

defraying the expenses of his discharge; otherwise the act could be of no avail to him. And when he does part with his property for that purpose, he can not be said to conceal it, if he omits to set forth such property in his petition. He has nothing which he can conceal.

A judge is right in refusing to charge the jury in the manner, or to the purport requested by a party, where there is nothing in the case to call for such a charge.

An instrument in writing made payable "*to the estate of M. L. deceased,*" and not to any person or persons by name, is clearly not a promissory note, under the statute. Whatever it may be considered, it is not a promise to pay the testator, for he is described as deceased. It can only be recovered upon as a promise to pay some other person or persons.

If it be regarded as a promise to pay the executors of the deceased, then there is no necessity for their suing in a representative capacity; and doing so, unnecessarily, they are, if defeated, liable to pay costs, without a special motion or order for that purpose; and the defendant may enter up judgment against them for the costs, as of course.

THIS was a writ of error to the court of common pleas for the city and county of New-York, tested in July term, 1846, and returnable at the October term, then next. Catharine Lyon, executrix, and Epenetus C. Gray and John Wright, executors of the estate of Moses Lyon, plaintiffs, brought an action against Mathew Marshall, defendant, upon promises, for $300. The declaration contained the usual money counts, and a count upon an *insimul computassent ;* and the usual profert of letters testamentary. The promises were alledged to have been made on the 15th *April,* 1843. The defendant pleaded his discharge as a bankrupt, by the district court of the United States for the southern district of New-York, on the 15th *September,* 1843. The plaintiffs put in a replication impeaching the accuracy of the defendant's inventory, presented by him to the district court. To this replication was attached a notice, specifying the instances in which the inventory was alledged to be inaccurate, and amongst others, the omission to mention a note of H. Inman to the defendant for $100. The cause was tried on the 9th October, 1845, before Charles P. Daly, one of the associate judges of the said court of common pleas, and a jury. The plaintiffs read in evidence an instrument, in the following terms: " $214,44. New-York, Sept. 15th, 1842. Four months after date, I prom-

Lyon *v.* Marshall.

ise to pay the estate of Moses Lyon, deceased, or order, two hundred fourteen $\frac{44}{100}$ dollars, value received. MATHEW MARSHALL." The signature was admitted, and also, that the amount including interest, was $254.94; whereupon the plaintiffs rested. The defendant's counsel then read in evidence a certificate of discharge in bankruptcy, in the same words as it was set out in the defendant's plea. The granting of the certificate, the seal of the court, and the signatures of the judge, and of the clerk of the United States district court, were admitted by the plaintiff. The plaintiff then proved by H. Inman, that on the 11th December, 1842, at the request of the defendant, to whom he was then indebted, he gave his promissory note for $100, at sixty days; and that it was paid by the witness at maturity. In the schedule of the creditors of the defendant, which formed a part of the papers presented by him on his application for discharge as a bankrupt, was the following entry: "Catharine Lyons, gold-beater, of the city of New-York, for labor, $420." No mention whatever, was made therein, of Moses Lyon, or his executors; nor was any mention made of the note from H. Inman. The defendant then proved by William W. Campbell, that he, as counsel for the defendant in his proceedings in bankruptcy, received the note of H. Inman to the defendant, towards his services as such counsel; that he obtained payment of it, and that no part of that money went back into the defendant's hands. The defendant also offered in evidence a record of judgment in the said court of common pleas, filed December 30th, 1842, between Catharine Lyon, plaintiff, and Mathew Marshall, defendant, for $236,49; which judgment appeared to have been rendered on a note therein recited as follows: " New-York, June 1st, 1842. $222$\frac{25}{100}$. Six months after date, I promise to pay to the estate of Moses Lyon, deceased, or order, two hundred and twenty-two $\frac{25}{100}$ dollars, value received. (Indorsed) Epenetus C. Gray, executor of Moses Lyon, deceased." The defendant then offered in evidence certain written objections, which the plaintiffs had presented to the said district court of the United States, on the petition of the defendant, before mentioned, for his discharge as a bankrupt; the plaintiffs objected to these

as irrelevant, but the court overruled this objection, and admitted the paper to be read in evidence; to this the plaintiff excepted. In this paper, the plaintiffs alledged that the defendant was indebted to them as executors of Moses Lyon deceased, on "two promissory notes, drawn by said Marshall, and payable to said estate or order, the sum of about four hundred and forty-five dollars;" "and they interpose the following as grounds of objection to his being declared a bankrupt: 1st. because the said estate is not mentioned as a creditor of said Mathew Marshall, either in his petition or schedules in that behalf." Five other distinct objections were set forth, alledging, in substance: that the petition and schedules were sworn to, before the petitioner's own counsel; that they did not accurately set forth a large claim due and owing to the petitioner; that they did not state and accurately set forth all the other claims and property of the petitioner; that the petitioner had made preferences in the payment of his debts: that the schedules were uncertain, untrue, &c. And the executors prayed, "that the same may be inquired of and proved according to the rules and practice of this court," &c. The defendant then offered in evidence an order, made by the district court, on the hearing of the commissioner's report of proofs taken on those objections, in which, "it being considered by the court that the objections interposed are not supported by the proof, it is ordered accordingly, that the objections be overruled and disallowed, and that the bankrupt be entitled to a decree in bankruptcy." The plaintiffs objected to the admission of this evidence, but their objection was overruled, and they excepted. The judge charged the jury, that, the discharge in bankruptcy was an effectual bar to the plaintiff's recovery, unless void by reason of fraud, and the only question, therefore, to be determined by the jury was, whether or not the defendant was guilty of fraud in obtaining it: that the omission of a specification of the note then in controversy, or the omission to mention Moses Lyon's estate as his creditor, was not sufficient to impeach the defendant's discharge, or entitle the plaintiffs to a verdict, unless accompanied by proof on the part of the plaintiffs, that such omission was fraudulent; that to avoid

Lyon *v.* Marshall.

a discharge in bankruptcy, it must appear that the defendant has committed a fraud, or willfully concealed his property, contrary to the provisions of the bankrupt act; that this was a question of fact for the jury; that a party, on applying for the benefit of the bankrupt act, had a right, under that act, to set aside reasonable and necessary assets and property, for the maintenance of himself and family for a reasonable period, and also to defray his expenses in procuring his discharge; and that this defendant, therefore, had a right to apply a portion of his assets, for the purpose of obtaining such discharge, and paying his expenses incident thereto ; and if such assets or property were so applied previous to filing his petition, he might omit to mention it in his petition or schedules, without subjecting himself to the imputation of fraud; that it would be for the jury to say whether the amount appropriated by the bankrupt in this case, was a reasonable amount, and necessary to enable him to obtain such discharge. To this charge the plaintiffs excepted. The plaintiffs' counsel then requested the court to charge the jury, that, at any rate, prospective counsel fees, over and above the taxable fees provided for by the rules of the district court, were not embraced in such necessary and reasonable expenses, and that if the amount reserved by the Inman note was more than the taxable fees, provided for by the rules of that court, then the defendant had not a right to omit to specify the same in his petition and schedules. The court refused so to charge, and the plaintiffs excepted. The jury, under the charge of the court, returned their verdict for the defendant, who entered up judgment, with costs, as of course, without having previously moved for costs. Upon the application of the plaintiffs, who brought a writ of error upon the judgment, a writ of *certiorari*, alledging diminution, was issued to the court below, and upon the return it appeared that the plaintiffs made motions and obtained orders in that court, in respect to taxation and retaxation of costs, on the judgment for the defendant ; that on the 27th December, 1845, the court denied the plaintiffs' motion to set aside the judgment entered against them for costs ; but allowed a retaxation of the defendant's costs, at the plaintiffs' expense. It also ap-

peared that previous to May, 1842, the defendant was indebted to the estate of Moses Lyon, then deceased, in about the sum of $400, secured by the defendant's notes, and that he was at the same time indebted to Catharine Lyon, individually, in about the sum of $300 ; that to avoid the necessity of two suits, the executors indorsed said notes, so as to bring one suit in the name of Catharine Lyon, sometime in May, 1842 ; *that* suit was settled by the defendant's paying the amount due to Catharine Lyon, individually, and giving two new notes for the amount of about $420, due to the estate, which according to her wish, or that of her attorney, were made payable to the estate of Moses Lyon, deceased, although they were given long after his death ; that on one of those notes a suit was brought in the name of Catharine Lyon, and a judgment in her favor recovered 30th December, 1842, against the defendant, for $236,49 ; that the defendant, on the 16th December, 1842, presented his petition to the district court of the United States for the southern district of New-York, for a discharge as a bankrupt ; that the plaintiffs commenced their suit in April term, 1843, by filing a declaration pursuant to the statute ; that the defendant's discharge as a bankrupt, granted 15th September, 1843, was pleaded *puis darrein continuance*, in this suit ; that there had been two trials in this suit ; that on the *first* trial, the plaintiff recovered a verdict, which was set aside by the court of common pleas, in term ; and on the second trial, the verdict was rendered for the defendant, as above stated.

*E. C. Gray*, for the plaintiffs.

*E. Ward*, for the defendant.

*By the Court*, EDWARDS, J. The first exception taken by the plaintiffs, was, to the admission in evidence of the objections which were made by them, in the United States district court, to the defendant's being declared a bankrupt. It will be seen, by reference to these objections, that they related to the same matters as those which were set up in this suit, for the purpose

Lyon v. Marshall.

of defeating the defendant's discharge. We think that there was no impropriety in the defendant's showing that the plaintiffs knew of all these matters, at the time that the bankrupt's proceedings were pending; and that they, in fact, raised the same objections in the course of those proceedings. Neither was there any impropriety in his showing that they were not considered available, in opposition to the granting of the decree of bankruptcy. The order of the court, which was made in this matter, proved nothing more than was already admitted by the pleadings; for there was no denial of the plea of a discharge in bankruptcy.

The next exception was to the judge's charge. This exception is general, and not to any particular part. But, even if exceptions had been taken to each particular part of the charge, we think that they could not be sustained. The first objection which was made upon the argument, was, that the judge stated that the alledged omissions in the defendant's petition and schedules, to be sufficient to impeach the discharge, must be willful and fraudulent, instead of saying that they must be willful. But it appears that in a subsequent part of his charge, he lays down the rule, that to avoid a discharge in bankruptcy, it must appear that the defendant has committed a fraud, or willfully concealed his property. The word *fraudulent* was, evidently, not intended to mean any thing more than willful, and taking the whole charge together, we think that the jury must have so understood it.

The next objection is, that the judge stated that a party applying for the benefit of the bankrupt act, had a right to set aside property for the maintenance of himself and family. But this is no ground of error, for it had nothing to do with the case. (*Hayden* v. *Palmer*, 2 *Hill*, 206.) The next objection taken is, that the judge charged that the defendant had a right to apply a reasonable amount of his property to the payment of the expense of proceedings to obtain his discharge; and that if such application was made previous to filing his petition, he might omit to mention such property in his petition and schedules. A person may, without committing a fraud, make a reasonable compensation to counsel for the purpose of defraying the expenses

of his discharge ; otherwise, the law could be of no avail to him. And if he does part with his property for that purpose, he can not be said to conceal it, if he omits to set forth such property in his petition. He has nothing which he can conceal. We think, too, that the judge was right in refusing to charge as requested, for there was nothing in the case to call for such a charge.

The next question arises upon the certiorari which was issued, alledging diminution. It appears that the defendant entered up judgment in the court below for his costs. This the plaintiffs contend was irregular, as they sued as executors. The instrument sued upon was made payable " to the estate of Moses Lyon deceased," and not to any person or persons by name. Such an instrument is, clearly, not a promissory note under the statute. But, whatever it may be considered, it certainly is not a promise to pay the testator, for he is described as deceased. It could only be recovered upon as a promise to pay some other person or persons. If it be regarded as a promise to pay the plaintiffs, as it was treated in this case, there was no necessity for their suing in a representative capacity ; and, having done so unnecessarily, they are liable to pay costs, without a special motion or order for that purpose. (*Goldthwayte* v. *Petrie*, 5 *T. R.* 234. *Ketchum* v. *Ketchum*, 4 *Cowen*, 87. *The People* v. *The Judges of The Albany Mayors' Court*, 9 *Wend.* 486.)

The judgment below must be affirmed.

