JUNE TERM, 1853.

Barnes and Killip, vs. Elmbinger and Keidle,

---

ORVILLE H. BARNES & JAMES M. KILLIP, *Plaintiffs in Error*,

*vs.*

FERDINAND ELMBINGER and MICHAEL KEIDLE, *Defendants in Error*.

ERROR TO RACINE COUNTY COURT.

Where a note is made payable to two or more persons composing a partnership firm, by the firm name, it is necessary to prove that the plaintiffs are the persons composing such firm, unless that fact be averred in the declaration, and not denied by affidavit by the defendant.

This was an action of assumpsit commenced by the defendants in error, against the plaintiffs in error, by summons in a Justice's Court, in the city and county of Racine, returnable the 9th day of July, 1852, which was personally served on both of the defendants named therein. The plaintiffs below, and the defendant,

Barnes, appeared before the justice on the return day
The defendant, Killip, did not appear.

The pleadings and evidence, as well as the proceedings in the County Court, are sufficiently stated, in the opinion of the court, to show clearly the point decided, and it is not deemed necessary to give a more detailed statement in this place.

*Butterfield & Chase,* for the plaintiffs in error.

*Paine & Millett,* for the defendant in error.

*By the Court,* CRAWFORD, J. We find from an examination of the record of this case, that it is an action of assumpsit, commenced before a justice of the peace of Racine county, by the defendants in error, against the plaintiffs in error, to recover the amount of a promissory note.

The defendant, Killip, did not appear to the action before the justice, and his *default* was entered. But the defendant Barnes appeared and made a defence. The transcript returned by the justice shows that the ' plaintiffs declare in an action of assumpsit on a promissory note, on file, and claim damages fifty dollars. And the plaintiffs aver, that the defendants were partners in business at the time said note was given, and that the said indebtedness accrued by virtue of said partnership, and that the defendants did business under the name, style, and firm of Barnes & Killip."

To this declaration the defendant, Barnes, filed a plea of non assumpsit, and also what may be deemed a special plea, denying the copartnership of the defendants at the time of the giving of the note ; and also denying that the indebtedness for which the note

was given, accrued by virtue of such copartnership. This plea also denied the execution of the note by the defendant, Barnes, or on his account, or by any person by him authorized. It was accompanied by a notice that the defendant, Barnes, would, on the trial of the case, insist upon and prove the several matters set forth in the plea. To the plea and notice was appended the affidavit of the attorney for Barnes, in which the *attorney* says, that " the above plea and notice, and the averments therein contained, are true, according to his best knowledge, information and belief."

This affidavit by the *attorney* must be taken by us, as made on behalf of the party, and as good and sufficient within the meaning of section ninety, of chapter ninety-eight of the Revised Statutes; but we embrace this opportunity to say, that wherever facts which are necessarily and more particularly within the knowledge of the party himself are required to be shown *ex parte*, as in this case, it is more satisfactory and becoming to establish those facts by the oath of the party, where his oath is admissable and can be furnished, than by that of the attorney.

An issue was joined on the matters thus set forth, and upon the trial of the case. After two witnesses had been examined, the plaintiffs offered in evidence the promissory note referred to in the declaration, of which note the following is a copy :

" $19.50.

" Thirty days after date, for value received, we promise to pay Elmbringer & Keidle, nineteen 50-100 dollars, for clothes got for George Underhill, with interest at 12 per cent.

"BARNES & KILLIP."

" Racine, May 8, 1852."

June Term, 1853.

Barnes and Killip, vs. Elmbinger and Keidle.

The defendant Barnes objected to the reading of this note in evidence, but the justice overruled the objection, and the note was read.

A judgment was rendered by the justice in favor of the plaintiffs, against the defendant, Killip, for nineteen dollars and fifty cents, and costs, and another judgment was rendered by the justice in favor of the defendant, Barnes, and against the plaintiffs, for costs.

The plaintiffs procured a writ of certiorari, and on a hearing of the case in the County Court, the judgment in favor of Barnes was reversed.

Without entering upon an examination of the different errors assigned in this case, we are satisfied that the plaintiffs in the action did not make out a case entitling them to a recovery against Barnes. The note sued upon was not given or made payable to them individually, but was given to " Elmbringer & Keidle," which, doubtless, is the name of a firm of which they are members. But the declaration does not aver that the plaintiffs are partners, or that the note was given to them by the names of Elmbringer & Keidle. If such an averment had been included in the declaration (as was that of the co-partnership of the defendants,) and the defendants had not denied it by affidavit, then proof of their co-partnership would not have been necessary, because the statute (*R. S. Chap.* 98, *sec.* 90,) would have covered the case. But in view of the declaration, it was incumbent on the plaintiffs to prove that they were the payees named in the note, and there was no proof of this fact in the case.

The rule of law on this subject is thus stated by Starkie: " It must be proved that all who sue were partners at the time of the contract." (2 *Starkie on*

Ev. 583.) In *McGregor et al. vs. Cleveland et al.*, (5 Wend. 475,) Chief Justice Savage, in giving the opinion of the Court, says : "The next question is, whether there was sufficient evidence to show that the plaintiffs composed the firm to whom the note was given. The note being payable to McGregor, Darling & Co., *it becomes necessary for the plaintiffs to show that they are the payees.*"

When a note or bill is payable to a *firm*, strict proof is required that the firm consists of the plaintiffs on the record. This is the correct rule, and when applied to the case before us, it shows that they should have proved that they were the identical "Elmbinger & Keidle," to whom the note was made payable. (*Vide Atwood vs. Battenbury*, 6 *J. B. Moore*, 579 ; *Chitty on Bills*, 505 ; 3 *Camp.* 204, *n.*)

Because of the want of this proof, the justice was warranted in giving judgment in favor of Barnes, and the County Court erred in reversing that judgment.

The judgment of the County Court is therefore reversed, and the judgment of the justice of the peace is affirmed, with costs.