## COMMONWEALTH vs. PAUL PAULUS.

A bill of a bank incorporated by the laws of this state is a promissory note, within the meaning of the Rev. Sts. c. 127, § 2, although not payable in terms to any one named or to bearer.

A criminal case should not be brought to this court upon exceptions to the overruling of a demurrer to the indictment by the court of common pleas, until after final judgment in that court.

MERRICK, J.   This is an indictment under § 2 of c. 127 of the Rev. Sts., charging the defendant with knowingly uttering and publishing as true a certain false, forged, altered and counterfeit promissory note.  The instrument set forth purports to be issued by the Wamesit Bank at Lowell in this county, and to be signed by its president and cashier; but does not purport in terms to be payable to any person named, or to the bearer.  The defendant insists that for this reason it is not, as it is alleged to be, a promissory note ; and upon that ground has demurred to the indictment.

But it is well settled, in this commonwealth, that all bills lawfully issued by banks existing under authority of law are promissory notes.  *Commonwealth* v. *Carey*, 2 Pick. 47.  *Commonwealth* v. *Woods*, 10 Gray, 477.  *Commonwealth* v. *Thomas*, 10 Gray, 483.  The statute, which by various provisions defines the duties and regulates the proceedings of those institutions, prescribes no particular form in which their bills shall be issued, but only requires that they shall be signed by their respective presidents and cashiers.  But they are required, under a heavy penalty for refusal or neglect, to pay on demand in gold and silver all bills issued by them respectively, whenever presented for payment during the usual hours of business.  Rev. Sts. c. 36, §§ 29, 55.  All bills therefore, which are issued by incorporated banks, if not payable in terms to some person named, are in effect payable to the bearer, whether the bearer is or is not mentioned in them.  They are for this reason to be considered as promissory notes payable to the bearer, and in all legal

proceedings may be described as such. The objection urged by the defendant must therefore be overruled.

This case, we wish to add, comes irregularly at this time before the court upon the mere filing of the exceptions to the decision of the court of common pleas overruling the demurrer. It should first have proceeded to final judgment there; and then, upon the exceptions previously taken, brought to this court.

*Demurrer overruled.*

*T. H. Sweetser & W. S. Gardner,* for the defendant, cited Chit. Bills, (12th Amer. ed.) 140, 156 ; *Rex* v. *Randall,* Russ. & Ry. 195 ; *Rex* v. *Richards,* Russ. & Ry. 193 ; *Minet* v. *Gibson,* 3 T. R. 481, and 1 H. Bl. 569 ; *Green* v. *Davies,* 4 B. & C. 235 ; *Lyon* v. *Marshall,* 11 Barb. 241 ; *People* v. *Shall,* 9 Cow. 778 ; 2 Russell on Crimes, (7th Amer. ed.) 352 ; 1 Gabbett's Crim. Law, 356, 430, 435 ; Rev. Sts. *c.* 127, §§ 4, 6.

*S H. Phillips,* (Attorney General,) for the Commonwealth