By the Court — Bosworth, Ch. J.
The portion of the charge first excepted to, is part of a series of state-ments made by the Court, in presenting to the Jury the defendant’s theory of the case; the positions he took as to its actual facts, and the results which, he claimed, that certain, of the evidence given, tended to establish.
In the course of these statements, the Court remarked, that the defendant insisted, that a certain view or idea contended for by the plaintiff was disproved, not only by certain circumstances, which are specified, “ but the further circumstance testified to by Mr. Way, who gave evidence as to the correctness of the memorandum on 11th September, 1852 : ‘ Exchanged and gave new note for five months, for the same object, and on the same conditions Which the defendant insists is a perfect refutation of the idea, that when the note was given, it was given with- any understanding that that was to close the matter.”
The case states, that “ the plaintiff then and there duly excepted, and now excepts to all that portion of the charge of the said Judge beginning — ‘ But the further circum stance,’ ” &c., this being the portion of the charge above quoted.
The appellant now insists, that the memorandum of the 11th of September, 1852, was neither read to the Jury, nox given in evidence, and that the statement, by the Judge, that Way had testified to its correctness, and of its'con tents, was an error which is reached by the exception, and which entitles the plaintiff to a new trial.
The exception does not specify as its ground, nor was it suggested to the Court, that the plaintiff insisted that the memorandum had not been made evidence. Sor is there anything in the case showing that it was not made evidence. The contents of it do not appear in the case, except in the charge of the Judge, and that is all the ground there is for alleging that it was not put in evidence.
Way, in his testimony about two certain notes, and his recollection in regard to them, said “ There, is a memoran dum that refreshes my recollection.”
*151 The charge of the Judge purports to state the contents of this memorandum, in its precise words, and professes to restate the argument made by the defendant’s counsel based thereupon.
There is nothing in the case tending to show that the defendant’s counsel did not take the precise position stated by the Judge, or affirming that the memorandum was not read, nor its-contents stated by counsel, without objection, to the Jury, nor that the Judge did not state its contents accurately.
This part of the charge does not state any rule of law, as affecting either party, and therefore does not present any rule of law inaccurately.
If the memorandum had not been given in evidence, and if its contents were first made known to the Jury by the charge of the Judge, it was the duty of plaintiff’s counsel, if he desired to correct any misapprehension of the Judge in this regard, and to have the Jury informed that it was not in evidence, and that- they must not be influenced by it, to have called the attention of the Judge to the fact that it was not in evidence, and request him to so inform the Jury.
And the case and exceptions should have been settled.' so as to state that it was not given in evidence.
Then if it also appeared, that the Judge refused to make the proper correction and instruction, the question would be presented, which the appellant now seeks to raise.
We consider it quite clear that there is nothing in the exception as the case presents it.
The point and object of an exception should be so presented, that notice may be given to the Court and opposite party. (Simpson v. Downing, 23 Wend., 318.) “The substance of the exception should always be settled and clearly understood, or be such that it is capable of being understood and noted down at the trial. The matter to which it- applies, should always be well understood there.” (Id., 319.)
An exception ought to be on some point of law, either *152 in admitting’ or excluding evidence, or some matter of law arising upon a fact not denied, or upon a hypothetical fact or series of facts which it is submitted to a Jury to determine, in which the party excepting is overruled by the court. (Graham v. Camman, 2 Cai., 168.)
It does not lie to the comments of the Judge upon the evidence, as they are always understood to be not binding on the Jury. (The People v. White, 14 Wend., 111 and 116; Nolton v. Moses, 3 Barb., 31, 34.)
It is enough to say, that the objection now sought to be raised under this exception was not even called to the attention of the Judge; it certainly was not presented to him for decision. (Ward v. Lee, 13 Wend., 43.)
The parts of the charge, secondly and thirdly excepted to, are free from error.
. The plaintiff was not entitled to a peremptory instruction, that a verdict be rendered in his favor.
The case was fairly submitted to the Jury. The position taken by the parties respectively, it is conceded, was clearly and fairly presented. Ho rule of law stated to the Jury was erroneous.
There is nothing in the case showing affirmatively any such inaccuracy,, as it is now alleged, (in support of the exception first taken to the charge,) that the Judge inadvertently committed. Looking at the case and exceptions, as a.case, we cannot say that it appears that injustice was done to the plaintiff, which will justify the granting.of a new trial.
Ho case is made for granting one, on the ground of newly discovered evidence, or surprise at the trial.
The judgment and order should be affirmed.
Robertson, J.
Testimony was given on the trial of this action, although not by the witness Way, that four notes were given in succession at the maturity of each other, taking the discount off each note, in payment of the preceding one. He merely testified, on his direct examination, that no other consideration was given for any of those notes which had been delivered by him, except that *153 stated in a receipt given for the first note, and that' such notes were not paid hy checks drawn on his bank by the defendant. The plaintiff testified, that each of such notes was given in payment of an antecedent one; that is, he discounted each new note and received the proceeds back in payment of the old one. Way, on his cross-examinar tion, after stating that he wrote the notes, was asked, “Is that all your recollection about them ? ” and answered, apparently demonstratively, “ There is a memorandum, that refreshes my recollection.” And again was asked, apparently demonstratively, also, “ This does not refresh “ your recollection as to any conversation with Mr. Yar- “ num at the time it was delivered ? ” To which he answered, “Ho, sir.” It does not expressly appear by the case whether any memorandum was or was not exhibited on either occasion or what its contents were. And the appeal being on an exception, so much of what took place on the trial should be in the case as would be enough to sustain that exception.
The learned Judge charged the Jury that the defendant insisted that the plaintiff’s idea, that the note in suit was given in payment and satisfaction of a prior note, was disproved not only by certain circumstances, but also by “ the further circumstance testified to by Mr. Way; who “ gave evidence as to the correctness ” of a certain memo- “ randum. The Judge then stated what is supposed to be “ its contents, to wit: “ Exchanged and gave new note for “five months for the same object, and on the same conditions.” Of course, the circumstance testified to by Mr. Way, alluded to by the Judge, was not merely the abstract fact of the correctness of a memorandum, of whose contents they were to know nothing, but the facts stated therein. If so, it appears to me, his testimony was directed to such facts. He stated that no other consideration was given for the note in suit, except that stated in a receipt given for the first. That certainly was evidence to some extent, as to both notes being for the same object and on the same conditions. The witness also testified that some *154 memorandum refreshed his memory; if the one referred to in the charge was the same, that certainly was also some testimony, however slight, as to its accuracy as a memorandum.
It strikes me forcibly that if the question on the cross-examination of Way as to refreshing his memory, refers to the same memorandum, the defendant made it evidence, otherwise how could the Jury decide on the degree of credibility of the witness, without knowing whether such memorandum was likely to refresh his memory,, as to a conversation? The question was asked, evidently, merely to discredit the witness, in case his answer was in a particular way..
But one question raised is, whether when a memorandum spoken of by a witness as refreshing his memory, has not been read as evidence, a general exception to a charge of a Judge, that the defendant insists that the facts stated in such memorandum, the contents of which are first given by such Judge, refutes the plaintiffs theory of the ease, is sufficient to set aside the trial. Clearly, if in the course of the trial the Judge had improperly enabled the Jury to hear such contents by asking a witness to read them or inquiring as to their truth, the objection must have been taken to the reading or the question. If such contents .are first stated in the charge, the exception should equally point out the nature of the objection.
If the ground now assumed, be that the Judge misstated any testimony given by Way, the correction should have been made at the time. (Notion v. Moses, 3 Barb., 31.)
The question whether the defendant’s theory was- improperly submitted to the Jury, because there was no evidence to sustain it, of course cannot be raised.
It would be laying a trap for an adversary, to allow a party to take the chance of a verdict, and then, if a Judge should appear by the case made- to have misstated the evidence in a single point, without his attention being called to it on the trial, to "allow such party upon a general exception to such statement, to ask for a new trial.
*155 For these reasons, as well as those stated in the opinion of the Court, I think a new trial should be refused, and the judgment affirmed.