H. FRANK PAYTON *et ux. vs.* JAMES SHERBURNE *et ux.*

The refusal of a motion to nonsuit is ordinarily no ground for exception.

Under Pub. Stat. R. I. cap. 232, § 1, tenants at will or by sufferance must quit on the day named in the notice given them to quit by the owner or lessor.

*Query,* if the notice is not reasonable in time, whether the tenant does not have the right of ingress and egress to remove his effects and emblements, after the tenancy has terminated, without being liable as a trespasser.

When in a declaration before a Special Court of Common Pleas against A. and his wife, the only counts showing a letting, hence the only counts setting out a cause within the jurisdiction of the court, charged the defendants as tenants by hiring, and as tenants at will, and no evidence supported the count against them as tenants by hiring, and the only evidence to support the count against them as tenants at will was their admissions in the answer to a bill in equity against them previously filed by the plaintiff, and these admissions showed them to have been tenants at will of a deceased owner, predecessor in title of the plaintiff: —

*Held,* that the tenancy at will under the deceased owner terminated with his death, and being a personal relation, did not fall to the plaintiff by either descent or devise.

There were counts against the defendants as tenants by sufferance, but these counts contained no averment of a previous letting.

*Held,* that a letting could not be presumed, as a tenancy by sufferance does not imply a previous letting, and may exist without one.

EXCEPTIONS to a Special Court of Common Pleas.

*January* 8, 1886. DURFEE, C. J. The first exception is for the refusal of the court below to dismiss the action for want of jurisdiction. The motion to dismiss was submitted by the defendants after the plaintiffs had introduced their testimony, and was based, not on any defect apparent in the record, but on a claim that there was no evidence that the tenements sued for were tenements let. The motion, though in form a motion to dismiss, was in effect a motion for a nonsuit. A motion for a nonsuit is addressed to the discretion of the court, and is not ordinarily matter for exception.

The second and third exceptions are for the refusal of the court below to nonsuit the plaintiffs, or to direct a verdict for the defendants, because the notices to quit were unreasonably short, and therefore void. The tenancy, if any existed, was admittedly either a tenancy at will or by sufferance. The notices were notices to quit August 17, 1885, and were given August 14, 1885. Our statute, Pub. Stat. R. I. cap. 232, § 1, provides: "Tenants of land or tenements at will or by sufferance shall quit upon notice in writing from the lessor or owner at the day named therein." The

natural construction of this section is that the tenant receiving notice shall quit on the day named, and that all that he can require is that the notice shall give him a day. If this view be correct, the notices were good. The defendants contend that the construction is too strict, and that " notice " means " reasonable notice." We should be inclined to construe the section so, if the language were that the tenants " shall quit upon notice in writing from the lessor or owner," without more ; but the section adds, " at the day named therein," which, it seems to us, clearly indicates an intention to leave the length of the notice to the discretion of the lessor or owner giving it. To hold that " notice " means " reasonable notice," is to open the door to contention such as it was the intention of chapter 232 to avert. The objection is that, if the length of the notice be left to the discretion of the lessor or owner, he may use his discretion oppressively. The objection is not decisive. We think § 1 applies only to strict tenancies at will or sufferance, such as were terminable at common law on demand, and which are not very common here. *Jackson* v. *Bradt*, 2 Caines, 168 ; *Post* v. *Post*, 14 Barb. S. C. 253 ; *Humphries* v. *Humphries*, 3 Ired. 362 ; *Kinsley* v. *Ames*, 2 Met. 29 ; *Hollis* v. *Pool*, 3 Met. 350 ; *Johnson* v. *Johnson*, 13 R. I. 467. Tenancies from year to year, or for any recurring term less than a year, though sometimes denominated tenancies at will, fall under cap. 232, §§ 2, 3, which prescribe definitely what notices shall be given to terminate them. In this view the force of the objection is much mitigated, and we are not satisfied that any departure from the obvious and natural construction is justified. On the contrary, we think it better to construe § 1 as it would be ordinarily understood, leaving the General Assembly to make their meaning plainer, if we have mistaken it. We will add that in thus deciding we do not mean to decide that the tenant may not be entitled, after the tenancy is terminated, if the notice is unreasonably short, to ingress and egress for the purpose of removing household effects or taking emblements, without making himself liable as a trespasser.

The last exception is, because the court below directed a verdict for the plaintiffs against both defendants. We think this was error. The only counts in the declaration which, in our opinion,

fully state a cause of action within the jurisdiction of a special court, are the counts against the defendants as tenants by hiring, and as tenants at will of the plaintiffs, for they are the only counts which show even by implication that the tenements sued for are tenements let. It is not claimed that there was any evidence to support the counts against the defendants as tenants by hiring; and the only evidence brought to our attention to support the counts against the defendants as tenants at will of the plaintiffs, is the admissions of the defendants in their answer to the plaintiff's bill in equity. These admissions, however, are only evidence of a tenancy at will between the defendants and Bowen, the former owner, and that tenancy, if it ever existed, came to an end when Bowen died. Being a tenancy at will, it was purely personal, and the plaintiffs could not succeed to it by devise or inheritance. It may be thought, on the authority of *Kenney* v. *Sweeney*, 14 R. I. 581, that the plaintiffs are entitled to recover on the counts against the defendants as tenants by sufferance. A tenancy by sufferance may exist without any previous letting, and therefore a count against the defendants as such does not show even by implication that the tenements sued for are tenements let. The counts contain no express averment to that effect.

*First three exceptions overruled, the last exception sustained, case remitted for new trial.*

*Francis W. Miner & William G. Roelker,* for plaintiffs.

*James Tillinghast,* for defendants.