### ENOS PARSONS, petitioner.

Hampshire.    September 17, 1889. — January 1, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Voluntary Proceedings — Attorney — Mortgage to secure Counsel Fees.*

A mortgage, executed in good faith by a person about to file a voluntary petition in insolvency to an attorney at law to secure him a reasonable compensation for services to be rendered in procuring a discharge in insolvency, is valid.

PETITION IN EQUITY, on the Pub. Sts. c. 157, § 15, by the assignee in insolvency of Henry F. Cowing and Dwight T. Cowing, formerly doing business under the name of Cowing Brothers, alleging that on March 19, 1888, the insolvent debtors, being then insolvent and aware of their insolvency, and having no money in their possession, gave to Hill and Wainwright, attorneys at law, a promissory note for three hundred dollars;

that the consideration of the note was an agreement of the attorneys to render all necessary legal assistance and services required by the insolvents in making an assignment in insolvency, as well as in all matters pertaining to the insolvency proceedings before the Court of Insolvency; that to secure the note the insolvents on the same day executed a mortgage to such attorneys, also for the sum of three hundred dollars, which was duly recorded, on their stock in trade, fixtures, and personal property; that on March 21, the insolvents filed a voluntary petition in insolvency, and the petitioner was appointed their assignee and accepted the trust; that the petitioner on May 30, 1888, paid such attorneys two hundred dollars to liquidate the note and mortgage, as a fair and reasonable compensation for the services rendered by them; that at the third meeting of the creditors, held on November 10, 1888, the petitioner presented his final account to the Court of Insolvency, by which it appeared that he had received as assignee the sum of six hundred and sixty-three $\frac{7}{100}$ dollars, one item being the amount paid by him to such attorneys, to which no creditor objected; and that on the same day the judge of insolvency made a decree as to the account which concluded as follows: "It appearing that the charge of two hundred dollars therein paid to Hill and Wainwright was to free the stock of goods of debtors from a mortgage given to Hill and Wainwright, attorneys at law, for anticipated services in this case in the ordinary steps of the case in insolvency, by reason of which item solely it is decreed that the same be disallowed."

The prayer of the petition was that the decree of the judge of insolvency might be reviewed, and that the item in question might be allowed; and for further relief.

*Knowlton*, J., found that the allegations of the petition were true, and ordered the petition to be dismissed; and the petitioner appealed to the full court.

*J. A. Wainwright*, for the petitioner.

HOLMES, J. It seems to have been well settled, under the United States Bankrupt Acts, that a person intending to file a voluntary petition in bankruptcy had a right to pay counsel in advance for services to be rendered in procuring his discharge, and was not confined to what was necessary to get the property into the hands of an assignee. Otherwise, it was said,

the law would be of no avail to him. *Flournoy* v. *Newton*, 8 Ga. 306, 310. *Lyon* v. *Marshall*, 11 Barb. 241. *In re Rosenfeld*, 2 Bankr. Reg. 116, 122. It was held to follow that such a person might sell property at a fair price in order to raise money for the same purpose. *In re Keefer*, 4 Bankr. Reg. 389. The intimation that he could not mortgage the same property to the same end, in *In re Evans*, 3 Bankr. Reg. 261, seems to have been doubted by both bench and bar. *In re Mallory*, 4 Bankr. Reg. 153, 156. Bump on Bankruptcy, (9th ed.) 249.

The understanding and practice as to paying counsel in advance for services under our insolvent laws have been like what prevailed under the Bankrupt Acts, and we see no reason to doubt their correctness. The provision against transfers with a view to prevent property from coming to the hands of the assignee (Pub. Sts. c. 157, § 98) is the only one bearing upon it.* If that does not invalidate a *bona fide* and reasonable payment, it cannot invalidate a fair and honest mortgage to secure reasonable compensation for such services as the insolvent has a right to pay for in cash. If the mortgage should be found to have been a device to defeat creditors, the case would be different.

It is not necessary now to decide whether the debtor can charge his estate in any way for services to be rendered him in case of adverse proceedings between his assignee or his creditors and himself. We interpret the statements in the petition as to services rendered and to be rendered as meaning only the usual services necessary to obtain the insolvents' discharge. It is true, that, if we were to construe the allegations of the petition strictly against the petitioner, the consideration might be taken to embrace services of a more extensive kind, and that we should meet the further difficulty that the note was for a larger sum than was paid by the petitioner, and, if invalid in part, was invalid altogether. If, as may have been the case, the note was given only as security for whatever might turn out to be the fair value of the services rendered, that fact should have been alleged. But as the ground on which the judge of insolvency disallowed the sum paid by the assignee appears to have been the general one that the note and mortgage were void irrespective

---

* See St. 1889, c. 420.

of their amount or of the nature of the services to be rendered, the petition ought not to be dismissed, unless we are prepared to adopt that general principle. The judge of insolvency, therefore, should be directed to find what would have been a reasonable compensation for such services as the debtors had a right to pay for out of their estate, and to allow the assignee's payment to that amount, if the debtors' contract only contemplated such services.

The judge, no doubt, will scrutinize carefully the nature of the services rendered, and the amount of the charge proper to be allowed in dealing with an estate of six hundred dollars.

*Decree accordingly.*