## CITIZENS' SAVINGS BANK AND TRUST CO.,

v.

## HORACE F. GRAHAM, ASSIGNEE.

JANUARY TERM, 1896.

*Insolvency.    Debtor may mortgage to secure deposit with court of insolvency and attorney's fees.*

An insolvent dobtor may execute a valid mortgage of his property to secure his attorneys for advancing the thnty dollars, which the statute requires to be deposited with the court of insolvency upon the filing of the petition, and for their services in instituting proceedings in insolvency and obtaining his discharge.

Foreclosure of mortgage.    Heard at the September term, 1895, Orleans county, upon the pleadings and a master's report. START, Chancellor, decreed for the orator to the full amount of the note as to all the defendants except Graham, and to the amount of thirty dollars and interest as to him. The orator appeals.

*Bates & May* for the orator.

The mortgage in question was valid as against insolvency. *In Re Parsons*, 150 Mass. 343 ; *In Re Rosenfield*, 2 N. B. R. 122 ; *In Re Keefer*, 4 N. B. R. 389 ; *In Re Sinclair*, 38 Moak 170.

*Cook & Redmond* for defendant Graham.

THOMPSON, J.   January 23, 1894, the defendant Conner was an insolvent debtor, and contemplated voluntary proceedings in the court of insolvency to procure himself to be adjudged such a debtor, and thus secure to himself and his creditors, the rights and benefits accorded by law.   At that time there was a suit pending in the supreme court in favor of I. T. Patterson against him and others, in which judgment had been rendered against the defendants for about one thousand dollars and costs of suit and a certified execution granted against all the defendants.   If this judgment was affirmed it would take all of Conner's property to pay it.   It was understood that Patterson and those in interest in that suit, would oppose Connor's discharge, if he should be adjudged an insolvent debtor.   He had no money to pay the thirty dollars required to be deposited with his petition in the court of insolvency.   Matters standing thus, Conner on January 23, 1894, executed and delivered to his attorneys, Bates & May, his note for one hundred dollars payable with interest to their order in six months and the mortgage in question securing the same, for the purpose of raising money for the deposit of thirty dollars and seventy dollars for their services in making his petition and schedules in insolvency, and attending to the matter in the court of insolvency so far as was necessary on the part of Conner to secure his discharge.   On the same day, Bates & May procured the note to be discounted by the orator, who, the master finds, took it in good faith, in due course of business, while current, and paid therefor one hundred dollars. Bates & May made Conner's petition and schedules in insolvency and deposited thirty dollars of the money received by the discount of the note, with the court of insolvency for the district of Orleans, on the same day, at which date the petition was filed in that court.   Such proceedings were had thereon, that Conner was adjudged to be an insolvent debtor, February 12, 1894, and on the same day defendant Graham

was duly appointed assignee of his estate, accepted the trust and duly qualified therefor.

Bates & May appeared for all the defendants in the case of Patterson against defendant Conner and others in the supreme court. After Conner had been adjudged an insolvent debtor, they suggested the proceedings in insolvency, and moved for a continuance under V. S., s. 2071, until the question of his discharge should be determined. This motion was sharply contested, but was granted by the supreme court. Mr. May has been to Newport once or twice since to attend hearings in said insolvent estate, where matters incidentally connected with Conner's discharge, were involved.

The master finds that the seventy dollars, retained by Bates & May, is a reasonable compensation for these services, and for such as they are likely to have to render hereafter in aiding Conner to obtain his discharge. Counsel for defendant Graham, admits in argument, that it is a reasonable compensation for their services already rendered.

The assignee contends that the note and mortgage are void at his election, because they are in violation of V. S., s. 2142, prohibiting transfers of property with a view to prevent its coming into the hands of the assignee.

Under the United States Bankruptcy Acts, it seems to have been well settled that a person intending to file a voluntary petition in bankruptcy, had a right to pay counsel in advance for services to be rendered in procuring his discharge, and was not limited to such services as were necessary to get the property into the hands of the assignee. *In Re Rosenfield*, 2 Bankr. Reg. 116; *In Re Keifer*, 4 Bankr. Reg. 389. The provision of the insolvency law of Massachusetts in respect to transfers of property to prevent its coming into the hands of the assignee, is like ours. In *Parsons, petitioner*, 150 Mass. 343, it was held that a mortgage executed in good faith by a person about to file a vol-

untary petition in insolvency to his attorney to secure him a reasonable compensation for services to be rendered in procuring a discharge in insolvency, is valid.

The purpose of our insolvency laws, is twofold, viz. : to provide for an equal distribution of the debtor's estate among his creditors, and to discharge him from his debts and thus permit him to start his business life anew and retrieve his fortune if he can. They are remedial and humane in their spirit and purpose. Clearly this note and mortgage were valid to the extent of the thirty dollars, deposited with the court. If Conner had had the money, the law required him to deposit the thirty dollars. Not having it, he could raise it by mortgaging his property. Under the English Bankruptcy Law, the assignee cannot recover money *bona fide* paid by a debtor to his solicitor to defray counsel fees and other legal expenses in opposing proceedings in bankruptcy that have been commenced against him, although adjudication follows, and the solicitor knew of the acts of bankruptcy on which the proceedings were based. *In Re Sinclair*, 15 Q. B. L. R. 616. In that case the court said :

"It is right that a man should have legal advice and assistance against a bankruptcy petition, but if a solicitor has to refund money paid him for such a purpose, a man would be left defenseless. Nobody would act for him."

Under our insolvency law, the insolvent debtor is clearly interested in the settlement of his estate in everything which may effect his discharge, and we think he may give a mortgage of his property in good faith to secure a reasonable compensation to his attorney for preparing his petition and schedules, securing an adjudication of insolvency, and procuring the debtor's discharge. Such an act carries out the intent and spirit of the law, instead of defeating it. Such services ordinarily would not be onerous and the compensation would be small. If the mortgage should be found to be a device to defeat creditors, it would not stand. If the mortgage is foreclosed in equity, what is a reasonable com-

pensation to the attorney, can be determined by the court of chancery. If the mortgaged premises are sold under V. S., s. 2076, the amount of the lien can be determined by the court of insolvency, if it has power to do so. If its powers are inadequate, resort can be had to equity. It is urged that courts of insolvency will make extravagant allowances to attorneys, under this holding. To this it need only be said, that it is our duty to declare the law as it is, and that it is to be presumed that all courts will act honestly and with sound discretion in its administration. If abuses arise in the courts of insolvency, the legislature can correct them.

As we construe the report, the services rendered and to be rendered by Bates & May relate only to assisting the debtor to be adjudged an insolvent debtor and to procuring his discharge. Hence it is not necessary to consider what would be the result if the note and mortgage embraced services of a broader nature, so that it might be invalid in part, or altogether.

*Decree reversed and cause remanded with mandate that decree be entered for orator for amount of note and costs.*

Munson, J., dissents.