(22 Misc. Rep. 105.)

## GILROY v. LOFTUS.

(Supreme Court, Appellate Term. December 27, 1897.)

1. TRIAL—INSTRUCTIONS—EXCEPTIONS.
    If a statement contained in a charge to a jury is correct as an abstract proposition of law, an objection that it pertains solely to the province of the court, and, as stated, might possibly mislead the jury, cannot be raised by a mere general exception.

2. APPEAL—INADVERTENCE IN CHARGE.
    Error is not properly predicable upon an inadvertence in a charge to the jury which it is apparent would have been corrected if attention had been called to it.

**3. SAME—REVIEW.**
　　Where, in an action in the city court, a charge to the jury is correct in. its legal propositions, any alleged grievance of the defeated party arising out of the hostile or prejudiced manner of the trial judge in making his charge is a matter for the consideration of the general term of that court on appeal, but is not within the province of the appellate term of the supreme court.

On rehearing.　Denied.
For former opinion, see 47 N. Y. Supp. 138.
Reargued before DALY, P. J., and McADAM and BISCHOFF, JJ.

David McClure, for appellant.
Thomas F. Gilroy, Jr., for respondent.

BISCHOFF, J.　As noted in the opinion delivered by this court upon the first hearing of the appeal (21 Misc. Rep. 317, 47 N. Y. Supp. 138), the sole issue was of the appellant's partnership, actual or ostensible, with W. C. Loftus; and upon this reargument, limited to certain questions arising under exceptions taken to the trial court's rulings upon requests to charge, the appellant contends that error was committed in two instances.

The first point thus involved has to do with an instruction given at the plaintiff's request, immediately succeeding the charge by the court that the plaintiff was bound to prove his case by the preponderance of evidence, the record disclosing the matter as follows:

"Plaintiff's Counsel: I ask you to charge that we are not held to as high order of proof in this case in establishing the partnership as we are usually held to in ordinary cases.　The Court: I so charge.　Defendant's Counsel: I except."

Taken as an abstract proposition of law, this statement was substantially correct.　The partnership which was sought to be established was based upon the relation existing between the defendant and another, and the prima facie proof required in such a case was not of such a high degree as would be demanded of a plaintiff whose action was founded upon the fact that he himself was a partner, in view of the different nature of evidence generally available in cases so distinguished (McGregor v. Cleveland, 5 Wend. 477); but the rule enunciated was not well applicable to the province of the jury, since it operated merely upon a question of law for the court as to the legal sufficiency of the proof in a particular case, and it may be that it had some tendency to mislead the jury, and to induce an attempt to apply this doctrine to their deliberations upon the weight of the evidence. But, granting the possibility that prejudice resulted, still we may not order a new trial, since such a course, upon an appeal like the present, must be based solely upon some valid exception (Machauer v. Fogel [App. Term; Nov. 24, 1897] 47 N. Y. Supp. 1056), and here the exception was insufficient.　Where a single proposition is charged incorrectly as a statement of law, the noting of a general exception operates to present the error to the court of review (Requa v. Holmes, 16 N. Y. 193); and the excepting party is under no duty to request that the rule, as formulated correctly, be charged (Freund v. Paten, 10 Abb. N. C. 311), unless the error is the result of a mere

inadvertence, and so would have been corrected had the court's attention been called to it (Simmons v. Ocean Causeway, 21 App. Div. 36, 47 N. Y. Supp. 360). The general exception, however, challenges merely the correctness of the legal proposition which the charge affirms (Varnum v. Taylor, 10 Bosw. 148), and the instruction under consideration was in effect sound as a rule of law. It was an abstract proposition, but this did not render it the subject of exception (Lyon v. Marshall, 11 Barb. 241; Walrod v. Ball, 9 Barb. 271); and since the appellant's quarrel was with the propriety of the statement to the jury, not with its legal correctness, he should have requested that the statement be qualified by an instruction limiting the rule to its proper application. We cannot say that the tendency of this charge was so manifestly to prejudice the jury that the mere exception would naturally have suggested to the court the impropriety with which the appellant was impressed. It is by no means improbable that the jury understood the true application of the rule, and, accordingly, the case was simply one in which two constructions of the charge were possible, with a duty resting upon the excepting party to present the modification necessary to free the matter from ambiguity, in order that the exception might be valid if that modification were not adopted (Varnum v. Taylor, supra; Springstead v. Lawson, 14 Abb. Prac. 328, 23 How. Prac. 302), since the point was not sufficiently obvious to dispense with the necessity of some such action upon the appellant's part (Walsh v. Insurance Co., 32 N. Y. 427, 440).

We pass to a consideration of the second and remaining point raised upon exceptions taken as below:

"Defendant's Counsel: Now, I ask your honor to charge that, even assuming that T. J. Loftus made the statement alleged by Mr. Selling, that is not sufficient to justify them in awarding a verdict for the plaintiff in this action. The Court: I emphatically decline to charge that, and I charge that if he made that statement, and thereby led the plaintiff or the plaintiff's representative to believe that he was a partner of his brother, even though he was not as a matter of fact, that that would hold him as a partner so far as his liability on this contract is concerned. Defendant's Counsel: I except to your refusal to charge in the language of 'the request, and to your honor's charge just made. Your honor charges that that alone would be enough to warrant a verdict on behalf of the plaintiff? The Court: Yes; it would warrant a verdict for the plaintiff. Defendant's Counsel: I except."

The contention that this charge was erroneous, in that it omitted some of the elements of an estoppel,—the party's reliance upon the statement in this particular transaction, and that the reliance was reasonable,—must be taken as unfounded, since here the appellant was bound to suggest to the court the particular defect, in order that what was omitted through apparent inadvertence might be supplied, for a complete statement of the rule in question (Simmons v. Ocean Causeway, supra); and the point that the defendant's words, as referred to, were not sufficient in law as the basis of an estoppel, is also untenable. Upon this matter the evidence was that Selling, the plaintiff's agent for soliciting advertising contracts, called upon the appellant for the purpose of obtaining such a contract as that in suit, and stated to him that he "had seen his advertisement in the Broadway cars [referring to the advertisement of W. C. Loftus & Co.], and had called to solicit them for the Third Avenue Railroad." To this

the appellant answered: "I don't attend to any advertising for the firm. My brother does all that, and you will have to call and see him." We think that it was permissible for the jury to find that such an answer, made under these circumstances, could have been reasonably construed by an ordinarily prudent person as an admission that the speaker was a member of the firm which was the subject of the conversation, and therefore must hold that the court's refusal to charge in the language of the request was not error. That the refusal was made "emphatically," as the appellant complains, does not render erroneous a ruling which, but for the emphasis, was correct. The province of this court upon the present appeal is to determine questions of law solely, and, if the appellant had indeed cause for grievance by reason of the attitude of the trial judge, which we do not concede, the matter was one for the general term, but does not come within the scope of our review. Hamilton v. Railroad Co., 53 N. Y. 25, 27.

The judgment must be affirmed, with costs, and costs of reargument. All concur.