Wood, J.
It can scarcely be necessary to consider the numerous assignments of error made upon the record, separately, since they may all be included under the two following propositions;
1. Whether the state, in a criminal prosecution, can, without the prisoner’s consent, enter a nolle proseguí on an indictment, after the jury are charged with his ease; that is, after the jury are impaneled and sworn? 2. Whether the special plea of autrefois convict is a bar to the second indictment, the first not being de *303, 304 Iective, although the conviction is not followed by sentence or judgment thereon?
As to the first, we entertain the opinion that a nolle prosequi can not, in such a case, and under such circumstances, be entered *by the state, without operating as an acquittal to the accused. If the rule be otherwise, every criminal trial becomes at once subject to numerous exigencies, which may arise during its progress, either from defect of preparation, insufficiency of testimony, the-unexpected absence, or the impeachment of a witness, on the part of the state, and which a second, third, or more trials might possibly remedy. Can it be doubted that, to allow such a course to be taken with a prisoner, would place him twice in jeopardy for the same offense? It may be done under leave of the court; his destiny is controlled by no fixed rule, but his fate is committed to an uncertain judicial discretion, too unlimited and too various to furnish a just and safe guide, and 'which every cautious and prudent judge desires to avoid.
I take the true rule to be, that a nolle prosequi can not be legally entered after the jury are sworn ; and if a prisoner be discharged, under pi’etense of such entry, from the prosecution, and without his consent, it is equivalent to an acquittal, and a bar to a second indictment (or the same crime. The rule should be so in principle, and we think is so upon authority. In South Carolina, it has been holden that such entry can not be made after the jury is impaneled; and, on a trial for murder, a question being put to a juror, and his answer given, the solicitor-general, with permission of the court, entered a nolle proseequi, and the jury were discharged; and this was held a bar to a subsequent imdictment. State v. McKee, 1 Bailey, 651, 653. In New York, after the jury is sworn and evidence offered, if the prosecutor, without the prisoner’s consent, withdraw a juror merely because he is not prepared, the prisoner can not be again tried for the same offense. 2 Caine, 304. In Tennessee, if the jury be allowed to separate without the rendition of a verdict alter the prisoner be once put on his trial, it is held a bar to a second trial on the same indictment. 1 Head, 241.
There is a class of cases, however, in which it has been holden that after the trial has closed, and the jury have retired to deliberate, in the exercise of a sound discretion, the court *may discharge the jury, continue the prosecution, and remand the prisoner for another trial on the same indictment. This was done in *305 the People v. Goodwin, because the jury were unablo to agree. 18 Johns. 187. In the case in South Carolina, before cited, it was said that authority was confined to those cases only in which there was the consent of the prisoner, the illness of one of the jury, the prisoner or the court, the absence of jurymen, or the imjjossibility of their agreement. It was also said, the discretion to discharge a jury and remand a prisoner for another trial, is a legal discretion, and to be exercised according to known rules. State v. McKee, 651, 653. In Pennsylvania, this power can only bo exercised in cases of absolute necessity. The illness of the jury, if arising from privation, and removable by food, and the prisoner consent that it may be supplied, is not an adequate cause of their discharge; and if discharged, under such circumstances, another trial will be barred. 3 Rawle, 498, 500; 6 Serg. & Rawle, 577. The Sul preme Court of Pennsylvania admit its decisions and those of some of the other states are in conflict; but declare the constitutional right of the subject, not to be put in jeopardy a second time, ought not to depend on the arbitrary opinion of judges. In Henley v. The State, 6 Ohio, the rule, held in the People v. Goodwin was recognized as the law in this state. But we are unable to discover in any of these cases any established rule, direct or analogous, which will authorize the court, after full trial, and conviction or acquittal, under the mere pretext of a fact happening after conviction, with which the plaintiff had no connection, and did not, per fraudem, produce, to put a prisoner on another trial. To us, the felonious abstraction of the indictment, after conviction and before sentence, is no excuse nor justification for the leave given to enter the nolle prosequi; and the discharge of the plaintiff, under such entry,-from that indictment, wo think should be held to bar the subsequent prosecution for the same offense.
By the adoption of this rule, we do not intend to make any ^infringement, nor is any perceived, on that class of cases in which a new indictment or a recital of a former one is allowable. This may be done when the indictment is insufficient, the judgment arrested, and in like cases.
I am aware that, in some of the states, a practice has grown up, of entering, by leave of the court, a nolle prosequi, after the jury are sworn in cases of misdemeanors; but it has not been followed in others; and we do not feel disposed to extend it to cases where the punishment on conviction is imprisonment in the penitentiary.
*306 There can, we think, be no question of the right of the state, after the jury are sworn, to abandon any count, or all the counts of an indictment, even against the defendant’s consent; but abandonment can not be held to bo anything more than the expression of the opinion from the legal authority of the state, on the insufficiency of the evidence to produce conviction, in the case made; and it is equivalent to an acquittal. It justifies and requires from the jury, with the sanction of the court, a verdict of not guilty, and the prisoner may of right demand it. An abandonment, therefore, of a criminal prosecution, after the jury is sworn, is tantamount to an acquittal, and the effect is the same; and no error is perceived by us, in the exercise of this right by the state, in reference to the third, count.
The opinion expressed on this point, disposes of the whole case, and renders it unnecessary in fact to consider the second proposition stated, to wit, whether the special plea of autrefois convict is, of itself, a bar to the second indictment. It seems, however, to be a good bar; and to hold otherwise, would be, in the language of the bill of rights, to put a prisoner twice in jeopardy for the same offense. Here are an indictment, trial by jury, and conviction for a crime, and a second indictment, trial, conviction, and judgment, for the same crime. • It is indeed said, the former conviction, not being pursued to judgment, is inoperative, and constitutes no bar to the present indictment. Is this true? Must there be a judgment on the conviction, in order to render the prisoner’s plea in bar an answer *in bar to the second indictment? We hold not. The verdict itself, whether of conviction or acquittal, formal or virtual, constitutes a bar. 7 Cow. 414, 418, etc.; 2 Yerger, 24. In this last case, the verdict was held a bar, where the judgment was improperly arrested, on a good indictment. The only reason assigned, in this cáse, for not passing sentence on the prisoner, on his first conviction, is the felonious abstraction of the indictment, and that fact is singularly incorporated into the replication of nul tiel record, as if a fact dehors the record was triable by the record itself. It may, perhaps, bo treated as surplusage; and, therefore, the demurrer to the replication of nul tiel record was properly overruled, so far as regarded the replication. It would then reach the plea; and, were it necessary, we should hold with the court, of common pleas, in overruling the demurrer to it, that this special'plea is, as pleaded, a bar to the present indictment. 7 Cow. 414; *307 2 Sumn. 40. The difficulties to be overcome in reaching the plaintiff in error, so as to pass sentence upon him, would by no means be insurmountable, were it not for the nolle prosequi, on the former indictment. It was not indispensable to the sentence, that the original indictment should bo before the court. If lost or destroyed by accident, or by the fraud or design of the plaintiff in error, or stolen by him or another, and the prosecution were not in fault, its place might have been supplied by a copy, like any other record or pleading. A copy of the indictment is not transmitted with the convict, but a copy of the sentence only.
But if the plaintiff in error had been beyond the reach of punishment, by the loss of the files, it were far better to let him remain so, than to introduce now rules which might be easily converted into wrong, through the means of judicial discretion, and thus to hazard the rights, or take away the protection belonging to persons accused of crime. Now agencies demand new rules or may change old ones; but nothing can justify us in giving to the nolle prosequi the effect demanded by the state, until, at least, other expedients, less objectionable, are resorted to.
The judgment is reversed.