CITY OF WYANDOTTE v. RUTH A. NOBLE.

1. PRACTICE; *Examining Witnesses; When error regarded as immaterial.* Where the district court decides that a witness may give testimony concerning a certain point in controversy, but no such testimony is given by the witness, the ruling of the district court is immaterial; and although it may be erroneous abstractly considered, the error will not be regarded by the supreme court.

2. ———— *Exceptions necessary.* Instructions to the jury will not be reviewed by the supreme court unless excepted to by the party complaining of them.

*Error from Wyandotte District Court*

RUTH A. NOBLE brought suit against *The City of Wyandotte* to recover damages for injuries sustained to certain lots and property in said city. The petition stated that plaintiff was the owner of the "Gano House" property, which she had been accustomed to lease as a hotel, and the basement thereof she leased for stores and offices; that said building had been constructed with reference to the established grade of the streets on which it fronted; that the defendant "wrongfully and illegally, by its servants, officers, and contractors," had raised the streets in front of said lots and property to the height of six feet; "that defendant in raising said embankment carelessly and negligently destroyed all the underground and other drains of said hotel and premises," by means whereof said hotel and property was greatly injured by the accumulation of large quantities of water in the basement thereof, and said basement had become uninhabitable, etc. The case was tried at the October Term, 1869. Verdict and judgment for plaintiff for $250 damages. New trial denied, and the city brings the case here on error.

*S. A. Cobb*, and *E. L. Bartlett*, for plaintiff in error.

*Bartlett & Hale*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: If the record of the case brought to this court is a true record of the proceedings in the court below (which probably it is not,) the case must have been prosecuted, defended, and tried with but little regard to established rules of practice. From the record brought to this court it would seem probable that the court below committed several errors, but none of them are made sufficiently to appear to authorize our interference. Many of the errors assigned in the petition in error seem now to be abandoned; and even those which seem to be relied on in counsel's brief are not sufficiently

shown by the record to authorize a reversal of the judgment.

It is very doubtful whether the petition below states facts sufficient to constitute a cause of action; but no objection was made to it in the court below, and none is made here. The record does not purport to contain all the evidence; and such of the evidence as it does contain was objected to without any reason being given in the court below why it was objected to. Neither does the record purport to contain all the instructions given by the court to the jury, or refused to be given; and not one of the instructions given or refused was excepted to. The defendant below (plaintiff in error) moved the court for a new trial, but no reason is given in the record why a new trial was asked.

The first point made in plaintiffs' brief is upon a ruling of the court below made during the examination of Stephen S. Sharp as a witness for defendant in error. The record reads as follows: "Plaintiff here offered to prove by this witness that the work of grading and filling the street in front of the Gano House was done in an *unskillful, careless and negligent manner*, to which defendants objected on the ground that the allegations of the petition would not admit of such proof, which objection was overruled and exceptions taken." Now it will be admitted that the defendant below had the right to grade the streets adjacent to the plaintiff's house, and was liable only to the plaintiff for *negligence* in doing the same; that negligence, unskillfulness, or carelessness was in fact, or should have been the real gist of the controversy; and that if the petition did not allege that the grading was done negligently, unskillfully, or carelessly, so as to injure the plaintiff, the court erred in its ruling. We are inclined to think (though we have some doubts) that the allegations of the petition in this respect, and upon the objections made in this manner, were sufficient. But even if they were not sufficient, even if the ruling of the court abstractly considered was erroneous, still the supposed error was not material, for the witness did not give a word of testimony that tended to show that the grading was done care-

lessly, unskillfully or negligently. Hence we should disregard such supposed error. Civil code, §§ 140, 304.

As to the points made upon the instructions we shall not consider them as no exception was taken to any one of them: Code, §§ 276, 299, et seq.; *Granger Iron Co. v. Street*, 19 Ohio, 300; *Kline v. Wynne*, 10 Ohio St., 223, 226, et seq. See also *French v. Millard*, 2 Ohio St., 45; *Sieglebright v. Hammond*, 19 Ohio, 337; *Blaney v. Hoke*, 14 Ohio St., 295; *Nichols v. Dusenbury*, 2 N. Y., 284; *Jones v. Osgood*, 6 N. Y., 233; *Hunt v. Maybee*, 7 N. Y., 266, 273; *Caldwell v. Murphy*, 11 N. Y., 416; *Oldfield v. N. Y. & H. R. R. Co.*, 14 N. Y., 310, 321; *Nevins v. Bay State*, 4 Bosw., 236; *Varnum v. Taylor*, 10 Bosw., 148; *Magee v. Badger*, 30 Barb., 247, 264; *Cronk v. Canfield*, 31 Barb., 171; *People v. Horton*, 4 Park. Cr., 223.

The judgment of the court below must be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.