Gilmore, J.
First. Was the decree unauthorized for want of necessary parties and pleadings ?
Section 85 of the code provides as follows : “Any person may be made a defendant who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.”
Section 40 provides that: “The court may determine-any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy can not be had without the presence of other parties, the-court must order them'to be brought in.”
The questions raised can be determined under the provisions of these sections.
The parties defendant in the court of common pleas were Rosenthal (the plaintiff in error), Morgauroth and wife (the mortgagors), and the administrator of Steifel,. who was the principal debtor.
Andrew D. Leas was not a party in the court of common pleas, and yet that court entered a decree requiring Rosenthal to pay Leas $608.69, and in default of payment authorizing execution to issue.
From this it is plain that the court found that Leas had an interest in the controversy, aud having this, he had a right to have it litigated and settled. Under the latter clause of section 40, the court should have ordered him to be brought in. This was not done, and consequently the decree of that court in favor of Leas Was unauthorized and erroneous.
But Rosenthal appealed the entire ease to the district court. In this court there was no order, in terms, making-Leas a party, but the journal entry of the court shows that “leave was given to Andrew D. Leas to file his answer, and answer filed.”
By this Leas submittted himself and his controversy to-the jurisdiction of the court, and this, in effect, made him a. party defendant, without an order of the court making him. *412 ■such. Rosenthal was bound to take notice of what was done in open court, and must be presumed to have had no-ice of the filing of the answer.
The averments of fact in the petition, and answer of Leas, were sufficient to sustain the finding and decree in his favor.
As to Leas, therefore, the decree of the district court was not unauthorized on the ground that he was not a party.
Second. It is next claimed that Patrick Lawless, Watrous & Boyden, Snediker, Watrous & Boyden, and John A. Griffith were all necessary parties.
Had either of these persons or firms an interest, or did ■they claim to have an interest in the controversy, adverse to the plaintiff, or were they necessary parties to a complete determination or settlement of the question iuvolved therein ? We think not. As there was no motion made ■by the defendants to have these persons or firms made parties, on an affirmative showing that they or some of them were interested in the controversy, if such interest is disclosed at all, it must be found in the allegations of the pleadings or in the evidence ou the trial.
Do these show that Lawless had any such interest? The petition states that Leas had executed the undertaking for a second trial in behalf of Steifel, in the case of Lawless .against Steifel, and that it was to indemnify Leas on this undertaking that Sutton and Rosenthal executed the bond to Leas.
The answer of Leas set out the fact that he had paid the Lawless judgment, and had subsequently recovered judgment against Sutton-and Rosenthal for the amount thus paid, in an action on their boud to him. The evidence sustains these statements of the pleadings.
Prom all these it is plain that Lawless had no interest whatever in the controversy, and would not, therefore, have been even a proper party.
As to Watrous & Boyden, and Snediker, Watrous & Boyden, the petition stated their judgments against Steifel, •and Sutton’s payment of the judgments as surety for Steiiel. These allegations were denied by Rosenthal. The *413 evidence by which the allegations of the petition in this respect were established, was the records of the judgments,, and their payment by Sutton as surety of Steifel, which was also of record. This shows conclusively that neither of' the firms named had any interest in the controversy, and hence they would not have been necessary, even if they would have been proper parties.
As to John A. Griffith, the petition alleges that Sutton, “became surety for the said Meyer Steifel on sundry other claims, on account of which he has been compelled to pay,, and did pay, as such surety, more than $1,000; no part of the money so paid by him, as such surety, has been refunded to him.”
Without moving to make this allegation more definite and certain, as he might have done, Rosenthal denied it by his answer. Upon the issue thus made, the court permitted Sutton to prove that as surety for Steifel he had paid to John A. Griffith the amount of a judgment obtained by the. latter against Steifel. The evidence of such payment was satisfactory to the court. The introduction of Griffith’snáme was merely incidental as part of the evidence. The-proof that Sutton had paid the judgment as surety for Steifel, at the same time proved that Griffith had no interest whatever in the controversy. He was not, therefore, a necessary party. Penn v. Haywood, 14 Ohio St. 306. The-pleadings and parties before the court authorized the decree that was rendered by the district court.
Third. Did the court err in its rulings in admitting evidence?
The evidence admitted against the objection of Rosenthal, was the records of the judgments in favor of Lawless- and Griffith, and these were objected to on the ground that the persons named were not parties to the suit. What has just been said on the other point shows that the evidence was competent, for the purpose.of proving that Sutton had made the payments as alleged in the petition, and for this-purpose it was properly admitted.
*414 Fourth. Is the decree unsupported by, and against the ■evidence ?
Counsel for plaintiff in error argues: “ That the sole inquiry is this—Is the decree against evidence? The inquiry is not—Is it manifestly, palpably,against evidence?”
Again, he says: “ This is not like a motion for a new-trial ; it is under a remedial statute, to be liberally construed in favor of the remedy. ”
It is true that the statute referred to (73 Ohio L. 140) gives the right to either party to except “ in all cases of a motion for a new trial'by reason . . . that the finding ■of the court may be supposed to be against law or evidence, ■so that said case may be removed by petition in error’, ” etc.
The words quoted are contained in the third section of the act of March 12, 1845 (2 Curwen, 1139), and also in the fourth section of the act of April 12, 1858 (S. & C. 1155).
In Ide v. Churchill, 14 Ohio St. 377, Judge Ranney, in commenting on this clause in the two acts last named, says: “A long series of decisions has very conclusively settled the principles upon which a reviewing court will proceed in such cases. It is not enough that such a court would not have made the same finding upon the evidence; a mere difference ■of opinion betw’een the reviewing court and the court below .as to the weight of evidence ought never, for the most obvious reasons, be deemed sufficient to reverse a judgment. Eastman v. Wright, 4 Ohio St. 159. The preponderance against the finding must be clear, obvious, and decided, to justify such interference. ”
The rule, as thus laid down, must control in this ease. The act of 1876 is not, therefore, a remedial statute in the sense that it is 'to be-liberally construed in 'favor of reversing the judgment of the district court, on a mere difference of opinion between this and that court as to the weight of evidence.
The law leans against repeated trials, and favors an end to litigation. Hence the remaining question is : Is the decree clearly, obviously, and decidedly against the evidence in the case ?
*415 We have examined and considered the evidence as set out in the record. Upon the principal issue there is direct confiiet in the testimony of the parties themselves, and there is corroborating evidence on both sides. Sutton seems to have .sustained himself consistently throughout, and his testimony is consistent with the reasonable probability of his claim, and the circumstances of the case. Rosenthal did not thus sustain himself, and, besides, some of the material statements made by him were disproved or rebutted. The quality of testimony seems to be with Sutton—the quantity with Rosenthal. The court below saw the witnesses, and heard them testify. This is of the utmost importatíce. The inanner .and action of a witness can be seen upon the stand, but can not be transferred to paper. Without the benefit of these, we do not feel at liberty to reverse the judgment on the ground that it is against the evidence.

Motion overruled.