## D. S. TATUM v. CYRUS ROBERTS.

### No. 95.

1. APPELLATE PROCEDURE — *specification of error must show substance and importance of evidence admitted or rejected.* When the error complained of consists in the admission or rejection of evidence, the specification must state the full substance of the evidence admitted or rejected, and such other portions of the record as show its importance, before this' court will consider the same.

2. ———— *no exception saved to instructions, objection thereto waived.* Where no exception is taken to the instructions given by the trial court, any objection thereto is waived.

3. EVIDENCE EXAMINED — *and held to sustain verdict, and that special findings agree with verdict.* The special findings of the jury in this case are not in conflict with the general verdict and there is evidence to sustain the general verdict.

Error from Kiowa District Court. Hon. S. W. Leslie, Judge. Opinion filed December 1, 1896. *Affirmed.*

*F. Dumont Smith*, for plaintiff in error.

No appearance for defendant in error.

COLE, J. This was an action in replevin brought by the plaintiff in error in the District Court of Edwards County and removed for trial to Kiowa County. The plaintiff below claimed a special ownership in the property by virtue of a certain chattel mortgage given to secure a promissory note, which note and mortgage were executed and delivered by the defendant in error to the Edwards County Bank and afterward sold to the plaintiff in error. The answer of the defendant denied that plaintiff in error was the owner of the note and alleged payment in full. There was a verdict and judgment for the defendant in error, Roberts, from which plaintiff in error brings the case here for review.

The assignments in error are four in number, but only part of them can be considered by the court.

The first assignment of error has reference to the admission and rejection of evidence, but neither the evidence itself nor its substance is stated in the specification. Subdivision B of rule 7 of this court requires this to be done before the court will take notice of any error in the admission or rejection of evidence.

The second specification of error concerns the instructions given by the court to the jury, but the record discloses no exception to the instructions at the time they were given, nor any request for any further instructions than those that were given by the trial court; hence this specification cannot be considered.

The third and fourth specifications of error cover the rulings of the court in overruling the plaintiff's motion for judgment on the special findings, and overruling the motion of plaintiff for a new trial.

The argument of counsel seems to be directed entirely toward the point that there was no evidence to support the general verdict of the jury and that the special findings were in conflict therewith. The principal defense urged by defendant in error at the trial of the action was, that the note in question, secured by the chattel mortgage, had been paid in full before it was transferred to the plaintiff in error. The evidence upon this proposition was very conflicting; but after a careful perusal of it we cannot say that the verdict was wholly unsupported by the evidence. If the theory of the defendant below was correct, and if the evidence produced by him to sustain that theory was true, then the note was paid in full prior to its sale and delivery to the plaintiff in error. It is true that

many facts and circumstances are testified to which might have led the jury to a different conclusion, but, as is stated by counsel, this court will not determine the weight to be given to the evidence introduced in the trial of a case. Nor can we agree to the contention of counsel for the plaintiff in error that the special findings are in conflict with the general verdict. It is argued by counsel that the jury found specially that there was due on the note in question, at a time when certain funds of the defendant in error came into the hands of the Edwards County Bank, the sum of $633.91, and, according to the theory of the plaintiff in error, the funds of defendant in error so in the hands of the bank only amounted to $431.86. We do not so read either the special findings or the evidence.

The question asked the jury was not how much was due upon the note, but was as follows : "What was the amount of the note, exhibit 'A,' with accrued interest, on the twenty-fifth day of February, 1889, without reference to any credits?" And their answer was, "$633.91." Evidently the jury did not attempt to determine how much was *due* upon the note at said date, but simply how much the note amounted to if no payments had been made, and this is plainly seen by the answers which they make to other special questions asked them.

Practically the whole of the evidence introduced by both plaintiff and defendant below centered about the question as to how much was *due* upon the note in question at the time the funds of plaintiff in error were received by the Edwards County Bank, and we are of the opinion that there was competent evidence introduced supporting the proposition that at that date sufficient money came into the hands of the bank to

pay the note in full, and that there was also sufficient evidence to support the proposition that Roberts directed the money so received to be applied to the payment of this specific note. Perceiving no error, the judgment of the District Court is affirmed.