THE STATE OF KANSAS v. B. F. ASBELL.
No. 589.   (59 Pac. 727.)

PRACTICE, *District Court — Request for Instructions — Exceptions.* No errors were committed by the trial court except in failure fully to instruct the jury, and no exception was saved to the instructions given, nor was a request in writing made for other or different instructions, as provided for in section 275 of the code (Gen. Stat. 1897, ch. 95, § 285; Gen. Stat. 1899, § 4538).

Appeal from Labette district court; A. H. SKID-MORE, judge. Opinion filed January 13, 1900. Affirmed.

*F. M. Brady*, county attorney, for The State.
*Nelson Case*, for appellant.

The opinion of the court was delivered by

DENNISON, P. J.:   The defendant Asbell was prosecuted by information for violating the provisions of section 13, chapter 139, General Statutes of 1897 (Gen. Stat. 1899, § 7090), and convicted, and sentenced to pay a fine of $500 and costs.   He appeals to this court and asks us to review the alleged errors pointed out.

We have carefully examined the record and the briefs and find no error committed by the trial court, except perhaps in a failure fully to instruct the jury as to the evidence necessary to rebut the *prima facie* case as to the cattle being "capable of communicating and liable to impart Texas, splenic or Spanish fever, and that Asbell had full knowledge and notice thereof," as provided for in section 27, chapter 139, *supra.*

The case of *Patee v. Adams*, 37 Kan. 139, 14 Pac. 505, would indicate that proof of knowledge is essential to a recovery or conviction, and the defendant was undoubtedly prejudiced by the failure of the court to instruct the jury upon the question of knowledge of Asbell as to the liability of the cattle to impart or communicate the disease.   We find ourselves precluded from reviewing this question, for·we are unable to find anywhere in the record that the defendant objected or excepted to the instructions given, nor do we find any request for other or different instructions than those given.

We cannot review the instructions given by the district court unless the instructions were excepted to by the plaintiff in error at the time they were given.

24—10 KAN. APP.

(See *City of Wyandotte v. Noble*, 8 Kan. 444; *Barlow v. Emmert*, 10 id. 358; *Joseph v. National Bank*, 17 id. 256; *Comm'rs of Allen Co. v. Boyd*, 31 id. 765, 3 Pac. 523; *Russell v. Bradley*, 47 id. 438, 28 Pac. 176; *Tatum v. Roberts*, 5 Kan. App. 730, 46 Pac. 983.)

It was clearly the duty of the defendant to request the court in writing to give other or different instructions, as provided by section 275 of the code (Gen. Stat. 1897, ch. 95, § 285; Gen. Stat. 1899, § 4538). If no such request is made the instructions stand as the law of the case for that trial. The judgment cannot be reversed in a reviewing court on the ground that the trial court should have given other or different instructions, where such request in writing is not made on the trial. (*Douglass v. Gieler*, 32 Kan. 499, 4 Pac. 1039; *The State v. Smith*, 38 id. 196, 16 Pac. 254; *Martin v. Railway Co.*, 51 id. 164, 247, 32 Pac. 901.)

The judgment of the district court is affirmed.