## N. S. HUDSON v. J. A. MILLER *et al.*

### No. 800.    (63 Pac. 21.)

1. TAXATION—*Injunction—Irregularities in Tax Proceedings.* "An injunction cannot be maintained to prevent the collection of a tax which the plaintiff justly ought to pay, for mere irregularities in the proceedings of the assessor or other taxing officer. (*Dutton v. National Bank*, 53 Kan. 440, 36 Pac. 719.)

2. ——— *Property Taxed in Another State—Statute.* Where property is otherwise legally taxable under the revenue laws of the state, it will not be exempt from such taxation, in the absence of a statute, because it has been returned for assessment and taxation in the same year in another state.

3. ——— *Property of Non-resident.* A non-resident's cattle, kept in this state from February 10 until the latter part of July, 1896, *held* taxable in the county where kept.

Error from Barber district court; G. W. McKAY, judge. Opinion filed December 15, 1900. Affirmed.

*Geo. E. McMahon*, for plaintiff in error.

*A. L. Herr*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. :  This action was brought by the plaintiff in error to enjoin the execution of a tax-warrant issued by J. G. Jones, as treasurer of Barber county, to J. A. Miller, as sheriff of that county, and levied by the latter on cattle belonging to the plaintiff and A. H. Tandy, partners as Hudson & Tandy.   The assessment on which the tax was levied was made by the assessor of Sun City township, in Barber county, in 1896.   The temporary injunction granted at the commencement of the action was, on a trial by the court, dissolved, and a judgment for costs was entered in favor of the defendants.   The plaintiff claimed to have listed the property for taxation on February 2, 1896, in Oklahoma territory, and that the same was taxed on such assessment, and the tax paid prior to the commencement of this action.   The cattle, numbering about 600 head, were brought into Barber county on February 10, 1896, to be fed with grain preparatory to marketing them, and were all shipped out by the last day of the following July.   It is claimed that the cattle were not taxable in Kansas because they were brought in to be held only temporarily, and that in no event were they taxable in Sun City township.   They were in fact listed in Lake City township, in Barber county, by an employee of the plaintiff. The county commissioners afterward held this assessment to be erroneous, for the reason that the property was temporarily located in Barber county on March 1, 1896, and was assessed and taxed in Oklahoma territory for that year.   Whether the cattle were usually kept in Sun City township or in Lake City township is a question upon which the evidence is conflicting. The general finding, therefore, of the court in favor

of the defendants includes a finding that the property was usually kept in the former township.

The statute provides that all personal property shall be listed and taxed each year in the township, school district or city in which the property was located on the 1st day of March (Gen. Stat. 1897, ch. 158, § 19; Gen. Stat. 1899, § 7166); and that where the owner of taxable live stock lives outside the limits of a city, such property shall be taxed in the township where the owner resides. (Gen. Stat. 1897, ch. 158, § 21; Gen. Stat. 1899, § 7166.) It was held in the case of *McCandless, Treas., v. Carlisle*, 32 Kan. 367, 4 Pac. 623, that where a non-resident has taxable live stock in this state, the same is taxable where it is kept. While it appears that neither of the two men who had the principal charge of the plaintiff's cattle in the spring of 1896 was requested or required by the assessor of Sun City township to list the same for taxation, it is possible that another person apparently in charge may have been called upon by the assessor of that township to list the cattle, and that he refused or at least neglected to do so. The presumption that the assessor performed his duty does not appear to be overthrown by the evidence before us.

At most, however, the assessment was merely irregular. In the case of *Life Association v. Hill*, 51 Kan. 644, 33 Pac. 300, the secretary of a corporation, on March 11, made and delivered to the assessor a sworn statement of the personal property belonging to the corporation subject to taxation. The assessor, on April 30 thereafter, without notice to any of the officers or agents of the corporation, made another and different statement and returned the same to the

county clerk, and the tax sought to be enjoined was based on the latter assessment.   The court said :

"It may be conceded for the purposes of this case that the proceedings of the assessor were irregular and unauthorized, but this is an equitable action and must be covered by equitable rules.  .  .  .  It is well settled in this state that injunction cannot be maintained to restrain the collection of taxes which the plaintiff justly ought to pay because of errors or irregularities in the proceedings of the taxing officer."

See, also, *Dutton v. National Bank*, 53 Kan. 440, 452, 36 Pac. 719 ; *Ryan v. Comm'rs of Leavenworth Co.*, 30 id. 185, 2 Pac. 156.

We think the property was taxable in Barber county, Kansas, notwithstanding it was assessed for taxation in the territory of Oklahoma.   As the case stood at the time of the trial, the assessment made in Lake City township had been set aside.   The tax based on the assessment made in Sun City township was not affected by the action of the county commissioners of Barber county respecting the assessment made in Lake City township.   In the case of *Washburn College v. Comm'rs of Shawnee Co.*, 8 Kan. 444, it is said : "The obligation to pay taxes is coextensive with the protection received from the state." The claim of counsel that the present tax cannot be sustained, since thereby the plaintiff's property was twice subjected to taxation for the year 1896, is untenable.   In the case of *Kelley v. Rhoads*, 7 Wyo. 237, 51 Pac. 593, 39 L. R. A. 594, a paragraph of the syllabus reads :

"Where property is otherwise legally taxable under the revenue laws of the state, it will not be exempt from such taxation, in the absence of a statute, because it has been returned for assessment and taxation for the same year in another state."

Among the numerous cases declaring the same doctrine are the following: *Lumber Co. v. Town of Loraine*, 22 Fed. 54; *Cattle Co. v. Williamson*, 5 Okla. 488, 49 Pac. 937; *Coe v. Errol*, 116 U. S. 517, 6 Sup. Ct. 475, 29 L. Ed. 715.

In view of the foregoing, the judgment of the district court upholding the tax in question will be affirmed.