F. H. HULL v. WM. JOHNSON, . *Sheriff.*

**No. 391.**   (63 Pac. 455.)

TAXATION—*Situs of Personal Property—Assessment.* Under the provisions of section 1 of chapter 248, Laws of 1899, which provides that "When any personal property shall be located in any county in this state after the 1st day of March of any year which shall acquire an actual *situs* therein before the 1st day of September, such property is taxable therein for that year and shall be assessed and placed on the tax-roll, and the tax collected as provided by this act," it is *held*, that cattle brought into this state from the state of Texas in May, 1899, by the plaintiff, a resi_dent of Greenwood county, and which were thereafter assessed by the assessor of the township in which they were located, were taxable for the year 1899.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed January 12, 1901. Affirmed.

*W. S. Marlin,* and *R. P. Kelley,* for plaintiff in error.
*L. H. Johnson,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the plaintiff in error against the defendant in error, as sheriff of Greenwood county, to enjoin proceedings under a tax-warrant for the collection of a tax on certain cattle which were purchased by the plaintiff and brought into Greenwood county from the state of Texas in the month of May, 1899. The property was assessed under the provisions of chapter 248, Laws of 1899 (Gen. Stat. 1899, §§ 7185–7187), entitled "An act providing for the assessment and taxation of property in certain cases." Sections 1, 2 and 3 of the act read :

"SECTION 1. When any personal property shall be located in any county in this state after the 1st day of March of any year which shall acquire an actual *situs* therein before the 1st day of September, such property is taxable therein for that year and shall be assessed and placed on the tax-roll, and the tax collected as provided by this act.

"SEC. 2. Whenever any live stock shall be located in this state for the purpose of grazing it shall be deemed to have acquired an actual *situs* therein as contemplated by this act.

"SEC. 3. When any person, association or corporation shall settle or organize in any county in this state, and bring personal property therein after the 1st day of March and prior to the 1st day of September in any year, it shall be the duty of the assessors to list and return such property for taxation that year, unless the owner thereof shall show to the assessors, under oath, that the same property has been listed for taxation for that year in some other county in this state. If such property is brought within any county after the assessor has made his returns for that year to the county clerk, the assessor shall at once assess such property and return the same to the county clerk, and the same shall be entered by

the county clerk on the tax books and collected as in other cases.   The persons so assessed shall have the right, if assessed after the first Monday in June, to appear before the county clerk at any time before the taxes become due, and the county clerk shall equalize such persons' taxes, as provided by law in section 93, article 7,. chapter 158, of the General Statutes of Kansas.''

The remaining provisions of the act relate to the collection of taxes levied under the preceding section. The defendant filed a general demurrer to the petition, and the demurrer was sustained and a judgment for costs entered against the plaintiff.   The petition alleged that the plaintiff was at the commencement of the action, and for several years theretofore had been, an actual resident of Eureka township, in Greenwood county, and engaged in farming and in feeding and selling live stock ; that he listed for assessment and taxation with the assessor of the said township all the personal property owned by him on March 1, 1899, and subsequently paid all the taxes based on such assessment ; that after such assessment was made plaintiff borrowed money by pledging as security therefor certain cattle which had been so listed by him for taxation, and with the money thus borrowed, in May, 1899, bought and shipped into Greenwood county from the state of Texas 350 head of cattle ; that such cattle were thereafter assessed by the assessor of the said township at the value of $1700 and the assessment returned to the county clerk, and that the tax, the collection of which the plaintiff seeks to enjoin, was based upon the assessment so made and returned.

It is contended by the plaintiff in error that chapter 248, *supra*, if section 1 thereof be given full force and effect, is in conflict with the provisions of the constitution of this state and with the constitution of the

United States. It is further contended that section 1, to be upheld, must be construed as operating only in the manner and under the conditions stated in section 3. In considering the questions arising in the present case, it has been found that chapter 248 is, except in some unimportant particulars, copied *verbatim* from article 5 of chapter 43, Laws of Oklahoma, 1895, and that the last-named act has received consideration by the supreme court of Oklahoma in three cases, namely : *Perry Cattle Co. v. Williamson,* 5 Okla. 488, 49 Pac. 937 ; *Wilson v. Wiggins,* 7 id. 522, 54 Pac. 717 ; *Collins v. Green,* 10 id. —, 62 Pac. 813. In these cases the property taxed was cattle. In the first-named case it was held that where the proof showed that cattle owned in another state or territory actually ranged and grazed in a certain county in Oklahoma during the entire year, such cattle had a *situs* for the purpose of taxation in that county. In the case of *Wilson v. Wiggins* the plaintiff resided in Kansas, and brought cattle from Texas into Woodward county, Oklahoma, for grazing purposes, after the 1st of March. On the 1st day of August the cattle were listed for taxation by the assessor of the township where the same were located, and the tax sought to be enjoined was levied on the basis of such assessment. The court construed the act there in question so that the provisions of section 3, exempting property under the circumstances and in the manner stated therein from taxation, should apply "equally to all the classes of property subjected to taxation by the various sections of the act, regardless of whether the owner is a person settled in, or an association or corporation organized in, the county where said property is sought to be taxed." It was also held that the property made subject to taxation by the provisions of section

1 shall be listed, assessed and placed on the tax-roll in accordance with the provisions of section 3. In the case of *Collins v. Green*, supra, the court held that the first two sections of the said act are plain, and mean precisely what the language imports, and are not susceptible of any other construction; and that section 1 fixes the general rule for the taxation of all property brought into the territory between the dates named therein, while the first sentence of section 3 makes an exception to such general rule. The construction given in the case of *Wilson v. Wiggins*, supra, to the first three sections of the act was expressly disaffirmed, and it was held that the legislature intended to say "that if any person, association or corporation shall settle in any county in the territory and bring personal property herein after the 1st day of March and prior to the 1st day of September, such property shall not be taxed if the owner thereof will show to the assessor, under oath, that the same property has been listed for taxation for the same year in some other state, or county in this territory."

The court further said:

"It is sufficient in this case to say that section 1 of the transient-property act is general, and includes within its provisions all of the property brought into the territory, whether by resident or non-resident, while the first sentence of section 3 of that article is an exception to the general rule provided in section 1, and if the general rule and the exception cannot stand together the exception must fall, leaving the general statute in full force and effect."

We concur in the foregoing views so far as the same are applicable to the present case. The plaintiff herein does not come within the exception of section 3. It is not necessary to hold that the act is invalid because it discriminates in favor of the per-

sons named in section 3, since, if the general rule for taxation established by section 1 and the exception thereto as stated in section 3 cannot both stand, the exception falls. If the legislature intended that all persons whose property may be assessed for taxation under the provisions of section 1 may obtain exemption by making the proof required under section 3, it would doubtless have so declared, and not have employed language which cannot by any reasonable construction be given such effect. It must be held, therefore, that the legislature intended to establish a new rule governing the taxation of personal property, so that when such property shall be located in any county in this state after the 1st day of March, and shall acquire an actual *situs* therein before the 1st day of September, it is taxable therein for that year. It specifically declares that if live stock is located in this state for the purpose of grazing it shall be deemed to have acquired an actual *situs* therein. All the sections of the act, excepting sections 2 and 3, appear to be general in their nature.

The present act does not attempt to repeal directly any other laws concerning taxation, and we discover no necessary conflict between this act and such other laws. The objection that it is unequal in its operation, for the reason that under the provisions of sections 4, 6 and 8 the tax of a person assessed hereunder might become due and payable at once, and before the tax on property assessed as of March 1 becomes due, does not appear to be well founded, for the reason already stated, that the provisions of the present act are, with the exception noted, general in their nature, and, so far as they provide new methods and proceedings for the collection of certain taxes, must be held as supplementing the existing laws. We are not pre-

Hull v. Johnson.

pared to say that a clear case of unconstitutional double taxation is presented by the facts in the plaintiff's petition.

It cannot escape notice that the act in question is defectively constructed, especially in section 3, but it has not sufficiently appeared that it is unconstitutional or invalid to warrant a reversal of the judgment of the trial court.

Since the foregoing was written, we have read the *per curiam* decision of the supreme court in the case of *Conklin v. Hutchinson*, 62 Kan. 867, 62 Pac. 1012, which was an action to enjoin the assessment, levy and collection of taxes on the plaintiff's real estate, amounting to less than $100. It was held that the supreme court could not take jurisdiction of the cause on proceedings in error, the amount involved being insufficient, although the journal entry of judgment contained a statement "that the constitution of the state of Kansas is involved." The court also declared that, since it appeared from the record that the amount involved was less than $100, the court of appeals could not take jurisdiction. The petition in error was accordingly dismissed. Following that decision, the present proceedings should be dismissed; but to avoid a possible misconstruction of the decision, we shall, for the reasons already stated, affirm the judgment of the trial court.