F. H. HULL v. WILLIAM JOHNSTON, *Sheriff of Greenwood County.*

No. 12,612.*  (67 Pac. 548.)

SYLLABUS BY THE COURT.

TAXATION — *Listing of Property — Application of Statute.* The provisions of chapter 248, Laws of 1899 (Gen. Stat. 1901, §§ 7519–7526), the title to which chapter is "An act providing for the assessment and taxation of property in certain cases," do not apply to property brought into a county by a resident thereof after the 1st of March, where such resident had fully listed all of his property for taxation under the general tax laws of the state.

Error from the court of appeals, southern department; A. W. DENNISON, B. F. MILTON, M. SCHOONOVER, judges. Opinion filed January 11, 1902. Reversed.

*W. S. Marlin*, and *R. P. Kelley*, for plaintiff in error. *T. C. Turner*, for defendant in error.

---

*For opinion by court of appeals, see 10 Kan. App. 565, 63 Pac. 455.— REP.

Hull v. Johnston.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action by plaintiff in error against the sheriff and board of county commissioners of Greenwood county to enjoin the collection of a tax levied upon 350 head of cattle owned by him.  The district court sustained a demurrer to. plaintiff's petition and rendered judgment against him for costs.  This judgment was affirmed by the court of appeals (*Hull v. Johnston,* 10 Kan. App. 565, 63 Pac. 455), from which judgment proceedings in error were taken to this court, the judgment involving the tax laws of the state.

The facts as shown by plaintiff's petition are as follows : The plaintiff Hull was, on May 1, 1899, and for several years prior thereto had been, an actual resident of Greenwood county, Kansas.  All of the property which he owned on March 1 of that year was properly listed for taxation, as provided by the general laws relative to taxation.  About May 1, 1899, he purchased the 350 head of cattle in controversy in the state of Texas and shipped them to his home in Greenwood county.  These cattle were kept there during the summer, and some time before September 1, 1899, the assessor of the township of plaintiff's residence assessed them for taxation.  This is the tax sought to be enjoined.

It was assessed under the provisions of chapter 248 of the Laws of 1899 (Gen. Stat. 1901, §§ 7519–7526), which the plaintiff claims are not applicable to the facts of this case and do not authorize the levy imposed.  This act is entitled "An act providing for the assessment and taxation of property in certain cases."  This title implies that there are certain cases to which the tax laws then in existence did

not apply, or at least for which they did not adequately provide. This purpose must be considered in connection with the language of the act. We may also take into consideration the well-known evil which it was designed to cure, and that the lawmakers thereby purposed to provide a method in such cases whereby such property should be taxed. Non-residents were in the habit of bringing into this state personal property after the 1st of March—the time fixed by the general law as the date at which to tax—and then before the next March to remove it, and thus wholly escape taxation; this being especially true with reference to live stock brought into the state for grazing purposes. We should also inquire whether the plaintiff's case is adequately provided for in the general law.

Now, if we shall read sections 1, 2 and 3 in the light of these considerations, we think it must clearly appear that the plaintiff did not fall within the provisions of this chapter. In the first place, there is no occasion for it to apply here. He had fully and satisfactorily discharged his obligation to the state, for all of his property had been taxed. His was not one of the "certain cases" sought to be provided for in chapter 248.

While more explicit language could have been used, it seems to us apparent that the language of neither sections 1, 2 nor 3 was intended to apply to cases of this sort. If this language is read in the light of the object to be accomplished, the light which illuminated the mind of the legislator, and in which we must read it, it will be seen that while some general language is used, it is general only in the sense of covering everything within its scope and purpose, which scope and purpose was to catch and tax property

which under the provisions of the law already in existence was not bearing its legitimate share of the public burdens.

No portion of the general law was repealed. No cases therein provided for were intended to be again covered, but by sections 1 and 2 personal property which had theretofore escaped taxation was laid hold of for the purposes of taxation; while in section 3 is found a concession to those who should become actual residents after March 1.

With this interpretation this chapter accomplishes its purpose, becomes a harmonious part of the general law, accomplishes no injustice, and is altogether intelligible and reasonable, which it is not in any of these particulars without this construction.

We conclude that the property of the plaintiff was not properly taxable under the provisions of chapter 248.

The judgment of the court of appeals and also that of the district court will be reversed, with instructions to the district court to overrule the demurrer of the defendant to plaintiff's petition, and for further proceedings under this opinion.

GREENE, POLLOCK, JJ., concurring.