J. M. LINGENFELTER, *as Sheriff, etc.,* v. W. M. FERGUSON.

No. 14,017.    (80 Pac. 48.)

SYLLABUS BY THE COURT.

TAXATION—*Property Brought into the State after March 1.* Where a resident of Kansas brings into this state, between March and September, cattle that he has purchased elsewhere with money which he has already listed for taxation for that year in the city of his residence, such cattle are not subject to taxation under the provisions of the act (Gen. Stat. 1901, sections 7519-7521) providing in certain cases for the assessment and taxation of personal property brought into the state after the 1st of March.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed March 11, 1905. Affirmed.

*W. M. Rees,* for plaintiff in error.

*W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: W. M. Ferguson brought suit against the sheriff of Sumner county to enjoin the enforcement of a tax warrant issued against him by the treasurer of Butler county, and upon an agreed statement of facts was awarded an injunction. The sheriff prosecutes error.

As shown by the stipulation of the parties, these were the substantial facts out of which the controversy grew: During all of the year 1902 Ferguson was a resident of the city of Wellington, in Sumner county. In the spring of that year he duly listed with the city assessor all of his property that was subject to taxation in that county. In the following April he brought into Union township, Butler county, from Oklahoma, 852 head of cattle that he had purchased in that territory from owners who had there listed them for taxation and paid the taxes upon them for that year. The laws of Oklahoma require personal property to be listed for taxation on or before the 1st of March. Ferguson brought these cattle into Union township for the purpose of grazing, and they remained there during the grazing season of 1902. He told the township assessor that the cattle had been taxed in Oklahoma for that year and that the taxes had been paid, and said that he would furnish proof of this, but he did not make any sworn statement in this regard to the assessor, or present to him any copy of records relating to the matter. The assessor, in September, returned the cattle for taxation in Butler county. In February, 1903, Ferguson appeared before the board of commissioners of that county and offered proof of the payment of taxes upon the cattle for the preceding year in Oklahoma, and asked the remission of tax charged against him. His request was refused, and the issuance of the tax-warrant followed.

Sections 7519, 7520 and 7521 of the General Statutes of 1901 provide that under certain circumstances personal property brought into the state between March 1 and September 1 shall be assessed and taxed here for that year, unless it be shown in a prescribed manner that it has already been listed for taxation elsewhere. Two questions are here presented: Whether under the statute the cattle referred to were taxable in this state in 1902, in the

absence of a sufficient showing of their having been taxed elsewhere; and, if so, whether their owner made such a showing. In the view taken of the matter it will be necessary to consider only the first of these questions.

In *Hull v. Johnston,* 64 Kan. 170, 67 Pac. 548, it was held that while this statute was in terms broad enough to require the taxation of all personal property brought into this state between March and September which had not been taxed elsewhere for that year, it must be interpreted as intended to affect only such property as would otherwise escape its just share of the burden of taxation, and has no application to property brought into a county by a resident thereof after the 1st of March, where such resident had fully listed all of his property under the general laws. It is sought to find reasons for distinguishing that case from this in the fact that there one who did not reside in a city bought the cattle involved outside of the state with money raised by the giving of a mortgage upon personal property which he had already listed for taxation, and brought them to the county of his residence. The differences between those circumstances and the facts in this case do not affect the principle by which that case was controlled. It was there decided that the purpose of the statute was to provide a means for placing upon the tax-roll property which received the protection of the laws of the state and in fairness should bear a part of the expense of their administration, but which under the general law could not be reached because never found in the state at the usual time for the listing of property for taxation.

There is nothing in the record now under consideration to suggest that Ferguson was guilty of any shift or evasion in the matter. On the contrary, it is fairly to be gathered that he properly accounted to the taxing officers for the money with which the cattle were afterward purchased—that he listed it for taxation

and paid taxes upon it for the year 1902 in Sumner county. Where foreign-owned property is sent into the state for a temporary purpose, and after several months is removed without having contributed anything to the public revenue, a manifest wrong is committed; but where it comes into the state in exchange for other property or money upon which taxes have already been here assessed and paid, an entirely different situation is presented. The statute was not designed to exact a further payment from the resident purchaser in such a case. To do so would not be to correct an existing injustice, but to perpetrate a new one. Under the agreed facts Ferguson has paid to the public his fair share of taxes for 1902, based upon the amount of property he then owned. It happens that he paid it in Sumner county, where he lived, instead of in Butler county, where his cattle were kept, although the law (Gen. Stat. 1901, § 7509) provides that animals owned by the resident of a city shall be taxed where they are usually kept. This fact was due to his property's having been changed from money to live stock after the 1st of March. He was not liable to pay taxes in Butler county on the cattle under the general taxation act because he did not own them on the 1st of March; and such liability was not imposed upon him by the special act already discussed, for the reason that the facts are not such as to invoke its operation.

The judgment is affirmed.

All the Justices concurring.