No. 20,277.

GEORGE A. MOSBY, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GREENWOOD AND OLIVER ROCKHILL, as County Treasurer, etc., *Appellants*.

### SYLLABUS BY THE COURT.

1. TAXATION—*Property Brought into State between March 1 and September 1—Nonresident—Resident—Statute Valid.* The provisions of chapter 248 of the Laws 1899, as amended by chapter 364 of the Laws of 1901, which authorizes the assessment of property brought into the state after March 1 and prior to September 1 of any year, and which contains an exception that a resident owner will not be required to pay taxes on such property if he shall show to the assessor that the property has been listed for taxation for that year in some other county of the state or in some other state or territory, is not an unjust discrimination against a nonresident, nor does it deny to him the equal protection of the laws.

2. SAME—*Property Taxed in Foreign State—Brought into Kansas— Taxable Here.* It is competent for the state to impose taxes upon all property brought within its jurisdiction, and this power is not lost because such property may have been subjected to taxation for that year in the state from which it was brought.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed July 8, 1916. Reversed.

*S. M. Brewster,* attorney-general, and *W. S. Marlin,* county attorney, for the appellants.

*Howard J. Hodgson,* of Eureka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Action to recover $122.09 involuntarily paid as taxes.

In 1913 George A. Mosby, a resident of Missouri, purchased 300 steers in Oklahoma and kept them in that state until the following May. About March 1, 1914, the officers of Oklahoma levied a tax upon the steers and this tax was paid by the plaintiff later in the year. About May 1, 1914, the cattle were moved to a ranch owned by the plaintiff in Greenwood county, Kansas. Shortly afterwards the assessors in that county placed the cattle on the tax roll and a tax of $112.34 was levied against them. Prior to that time a return had been made to the assessor of all the personal property of the plaintiff in Greenwood county on March 1 and it had been listed for taxation. He did not know that the tax had been levied upon the cattle in question until about January 1, 1915, when a tax warrant was placed in the hands of the sheriff and he was about to sell the cattle in satisfaction of the warrant. To avoid this, and under protest, the plaintiff paid $122.09, the amount of the taxes, penalties, costs and charges. The facts related were set forth in the plaintiff's petition, and defendants demurred, contending that the facts did not warrant a recovery. The demurrer was overruled and, the defendants standing upon their demurrer, judgment was rendered for the plaintiff.

On this appeal the defendants insist that the cattle are subject to taxation in Kansas. Although the cattle were not in Kansas on March 1, the ordinary time for listing property,

they were brought into the state for the purpose of grazing before September 1, and under the provisions of chapter 248 of the Laws of 1899, as amended by chapter 364 of the Laws of 1901 (Gen. Stat. 1909, §§ 9233-9235), are deemed to have acquired an actual situs in Kansas and were subject to taxation here unless excepted from that liability by the provisions of the amended act. That act provides, as far as applicable to the present controversy, that when any person shall settle in any county of this state and bring personal property therein after March 1 and prior to September 1, it shall be listed and returned for taxation in that year unless such person should prove to the taxing officers that the property has been listed for taxation for that year in some other county in the state or in some other state or territory. The section referred to has been interpreted to mean that the property of residents brought into the state after March 1 and before September 1, which has been taxed elsewhere for that year, is not subject to taxation here, but that the property of nonresidents brought into the state during the period is subject to taxation. In the case of a resident the theory is that all of his money and property will be regularly listed and assessed and that his obligation to the state will be fully discharged, while the nonresident who brings his property here after March 1 and takes it out before the next assessment will contribute nothing to the public for the protection afforded him. (*Hull v. Johnston*, 64 Kan. 170, 67 Pac. 548; *Lingenfelter v. Ferguson*, 71 Kan. 154, 80 Pac. 48.) The statute is not an unjust discrimination against the nonresident owner, nor does it offend the equal protection limitation of the federal constitution, as the intention of the provision is the imposition of taxes upon all the property in the state by the same method of valuation and at the same rate. To accomplish this, a separate provision was made to reach property that was brought to and kept in the state between the ordinary times of assessment and which would otherwise escape taxation. The money or assets which the resident invests in or exchanges for cattle or other property after the listing time is assessed as it existed on March 1, while the plaintiff residing out of this jurisdiction whose cattle have been taxed under this provision has not been assessed here for either the money or the assets invested in the cattle,

and if his cattle were not assessed would escape taxation entirely. The tax is imposed on visible tangible property which has a situs in the state, and the rule is, that it may be taxed where it has a situs regardless of the domicile of the owner. It is contended that the system as applied to the plaintiff is lacking in equality, and it may not be the best mode of attaining equality; but the law does not look for absolute equality in taxation. The provision does not discriminate unjustly against the plaintiff nor deny to him the equal protection of our laws. (*Coe v. Errol,* 116 U. S. 517, 6 Sup. Ct. Rep. 475, 29 L. Ed. 715; *Union Transit Co. v. Kentucky,* 199 U. S. 194, 26 Sup. Ct. Rep. 36, 50 L. Ed. 150; Note, 15 L. R. A., n. s., 142.) Nor can the required contribution be regarded as double taxation in any legal sense. Each state is sovereign and independent and has authority to impose a tax on all property within its jurisdiction. It does not lose its power because property brought into the state may have been subjected to taxation in the state from which it was brought for the same period. It can not be regarded as double taxation unless it is twice taxed in the same jurisdiction. (*Hudson v. Miller,* 10 Kan. App. 532, 63 Pac. 21; *Judy v. Beckwith,* 137 Iowa, 24, 114 N. W. 565, 15 L. R. A., n. s., 142; *Whitaker, Auditor's Agent, v. Brooks,* 90 Ky. 68, 13 S. W. 355, 11 Ky. Law Rep. 871; *Bradley v. Bauder,* 36 Ohio St. 28, 38 Am. Rep. 547; 37 Cyc. 755.)

The judgment is reversed and the cause remanded for further proceedings.